## Hardenbergh *against* Thompson.

L. ELMENDORF moved to set aside the judgment and execution in this cause, for irregularity. The affidavit stated, that, in *October* 1804, *Thompson* obtained a judgment against *Hardenbergh*, before one of the justices of the peace, in the county of Ulster ; that *Hardenbergh* afterwards removed the cause into the Supreme Court by *certiorari*; on which the judgment below had been reversed ; that the present defendant had never received any notice of the *certiorari*, or of the subsequent proceedings, until the sheriff informed him that he had an execution against him, issued out of this court, at the suit of the plaintiff in error.

*Where no attorney is employed by a defendant in error, on certiorari, the notice of the rule to join in error, must be served on the defendant personally and not by putting it up in the clerk's office.*

---

ALBANY,
Feb. 1806.

Ballou
v.
I. & A. Hulbert.

C. *Elmendorf* and *Suydam*, for the plaintiff in error, opposed the motion, on an affidavit, that after the return to the *certiorari* and an assignment of errors had been filed, a rule for the defendant to join in error was entered, and a notice thereof put up in the clerk's office, as the plaintiff had received no notice that the defendant had employed an attorney, and that after the expiration of the rule, a default was entered and a judgment of reversal thereon.

*Per Curiam.* The rule to join in error ought to have been personally served on the defendant. It was so decided, in *October* term 1801, in error, on *certiorari*, where a motion for judgment of reversal on default, for not joining in error, though not opposed, was denied, it appearing, that no attorney had been employed by the defendant in error, and that the notice had been put up in the clerk's office.

Rule granted.