† LIBBEY *versus* STAPLES *&· al.*

The owner of real estate may transfer his land by a lease executed by him unconditionally, and the lease will be effectual, although it contains covenants intended for the execution of the lessee by signing and sealing, but was not in fact signed and sealed by the latter. The lessor may waive the covenants on the part of the lessee.

Where one occupies and improves real estate which is manifestly beneficial, and a lease to such occupant, for a nominal rent, from the owner, is found upon the records of the county, in the absence of testimony, it is presumed the occupant holds under the lease.

And where such lessee was a married woman, one entitled to dower in the premises may enforce her claim against both husband and wife.

ON REPORT.

ACTION OF DOWER, against husband and wife.

The respondents pleaded in abatement, that they were not tenants of the freehold when, &c. The demandant replied, that they were, when, &c., and tendered an issue to the country.

Demandant introduced from the registry of deeds a life lease of the premises, from W. B. L. Staples to the female respondent, dated before the demand of dower, the lease being duly acknowledged and recorded. He also showed the yearly rents and profits of the farm to be from $60 to $100.

The lease, after describing the premises, contained this provision, "to hold for the term of her natural life from the day of the date hereof, yielding and paying therefor the rent of one dollar per year." It also contained covenants on the part of the lessee to pay the rent yearly, and quit and deliver up the premises at the end of the term and not suffer any strip or waste, and if she failed to pay, the lessor might enter and expel, &c., but the lease was *only signed and sealed by the lessor.*

The respondents introduced testimony tending to show, that the lease was made at the request of the lessor and no woman was present, and gave evidence of her declarations that she knew nothing about its existence; that the lessor made it for the benefit of his father and mother, as

he was about going to sea on a long voyage. The lessee lived on the farm before it was made and continued so to do afterwards.

The evidence was subject to all legal objections, and it was agreed, that if upon the facts this action can be maintained, the demandant shall have judgment for her dower in the premises and for such damages as the parties may agree to. But if the parties cannot agree as to the premises in dispute and damages, then these two facts shall be submitted to a jury. If the action is not maintainable, demandant to become nonsuit.

*E. L. Cummings*, for demandant, that the lease was effectual, cited *Blethen* v. *Dwinel*, 34 Maine, 133; *Doe* v. *Knight*, 5 Barn. & Cress. 671; 2 Black. Com. p. 307, note 17. That it was not necessary for the grantee to be present or accepted by him personally when made. *Hatch* v. *Hatch*, 9 Mass. 307; Co. Litt. 36, note 223; 5 Barn. & Cress. 671; *Church* v. *Gilman*, 15 Wend. 656.

That the registration and subsequent assent of lessee was equivalent to an actual delivery. *Hedge* v. *Drew*, 1 Pick. 141; *Copeland* v. *Weld*, 8 Maine, 411; *Chess* v. *Chess*, 1 Penn. 32; *Wheeler* v. *Sumner*, 4 Mason, 183; and that when a beneficial grant is made to a party his acceptance is presumed unless the contrary appear. *New England Bank* v. *Lewis*, 8 Pick. 118; 12 Eng. Com. Law R. 357, and cases before cited.

*Gerry*, for respondents.

TENNEY, J. — Under the pleadings and agreement of parties, the only question for the Court in this case is, whether defendants at the time dower was demanded, and on the day of the date of writ, were tenants of the freehold.

A lease of the farm out of which dower is claimed, was executed on August 18, 1853, and recorded on the same day, from William B. L. Staples to the defendant Lydia L. Staples, for the term of her natural life. She had lived upon

the farm before the lease was executed, and has lived upon it since, and carried it on.

The liability of the defendants in this action is denied, on the ground that the lease is ineffectual, because it is executed by the lessor only, when from its form it was evidently designed that it should be executed by the other party also. The transfer of the land by the lease is unconditional; and the covenants therein intended for her execution by signing and sealing the instrument are independent. The right of the lessor to have such covenants executed by her, might be waived by him. He put the lease upon record, and this must be regarded as a waiver of this right, and a treatment of the lease as being in all respects valid to pass the land described; and she cannot for this reason treat it as a nullity, when called upon to assign dower to the demandant.

It is insisted in defence, that Lydia L. Staples was ignorant of the existence of the lease, until after the demand of dower upon her by the demandant, and that she therefore could not have accepted the same. All the testimony in the case was received, subject to legal objections. The only evidence, that Lydia L. Staples had no knowledge that such a lease existed, is from her declarations made in the absence of the other party, which were incompetent.

It must have been the design of the lessor to provide means for the livelihood of the lessee, who was his mother, when he gave the lease; and no good reason is suggested for his doing so, and going to sea on a long voyage immediately after, if he withheld from her entirely a knowledge of his bounty. It is equally unnatural, that she should, upon the execution and recording of the lease, undertake the business of carrying on the farm, unless she had satisfactory information that she had an interest therein, according to the terms of the lease.

The lease being for a nominal consideration only, and the yearly rents and profits of the farm by the lowest estimation, being of the value of fifty or sixty dollars, must

have been considered beneficial to the lessee; and the presumption is, that she held under it at the time of the demand of dower, and so continues to hold. *Church* v. *Gilman*, 15 Wend. 656.

It is contended, that unless both defendants are freeholders in the land, they cannot be answerable in this action. From the pleadings, it appears that Jacob Staples was the husband of the other defendant; and that he defends in the right of his wife, and she in her own right. This is in accordance with the provision of the statute of 1848, c. 73, § 1, and the action cannot fail on this ground. The demandant is entitled to her dower in the premises; and according to the agreement of the parties, the action must stand for the settlement of some questions which are to be submitted to a jury, if the parties do not succeed in an adjustment themselves.