## JAMES FITTON, Respondent, v. THE INHABITANTS OF HAMILTON CITY et als., Appellants.

Entering and Holding Under Lease not Signed by Tenant. If a person obtain possession and occupy premises under lease, (though not signed by him) he should be holden to accept subject to all the covenants and obligations of the instrument.

Action for Rent on Lease not signed by Tenant. Where a tenant holds premises under a lease not signed by him, although a technical action of covenant might not be supported, an action in the nature of assumpsit for rent can certainly be maintained.

Lease not Signed by Tenant as Evidence against Him. In an action for rent against a tenant, who holds under a lease signed only by the lessor, such lease is admissible in evidence to show the conditions and reservations under which the possession is held.

Effect of Holding under Lease not Signed by Tenant. Where a tenant took and held possession of premises under a lease not signed by him : Held, that his acceptance of possession was equivalent to an execution of the instrument.

Hamilton City Parol Contracts. The charter of Hamilton City providing that " all scrip and bonds issued and contracts and agreements made shall be signed by the president and countersigned by the clerk," (Stats. 1869, 165, Sec. 14) does not prohibit parol contracts by the city, but only designates the manner in which written contracts shall be executed.

Parol and Implied Contracts by Municipal Corporations. A municipal corporation, in the absence of statute to the contrary, may, like any other corporation, render itself liable on parol or implied contracts.

Entering under Lease Wrongly Describing Lessee—Estoppel. Where the City of Hamilton entered upon and held certain premises under a lease purporting to run to the " Trustees of Hamilton City," but signed only by the lessor : Held, that the corporation was estopped from taking advantage of the fact that it was not correctly named in the lease.

Lease—Term Created by Holding Over. Where a tenant under a lease for three months held over after the expiration of the term with the consent of the landlord : Held, that a new term of three months was created, and that it was no answer to the landlord's claim for rent for such new term, that the tenant did not occupy the premises for the whole of it.

Statute relating to Tenants Holding Over. Where a tenant under a lease for a term less than a year holds over with the consent of his landlord, a new tenancy for a like term is created by virtue of the statute. (Stats. 1864–5, 264.)

Appeal from the District Court of the Eighth Judicial District, White Pine County.

This action was instituted by James Fitton as trustee of Mary Jane Allen, against " P. C. Hyman, E. T. Estes, Reuben Barney,

E. H. Sanderson and H. S. Sanders, styling themselves Trustees of Hamilton City, and the Inhabitants of Hamilton City." After the execution of the lease by R. M. Peters, he sold the property leased to Richard N. Allen, who afterwards conveyed it to the plaintiff Fitton, trustee as aforesaid.

*Will Campbell, J. O. Darrow* and *A. M. Hillhouse,* for Appellants.

I. The corporation occupied the premises only sixteen days over the time for which rent was paid, and it contends it is liable only for two hundred and fifty dollars, one month's rent.

II. The instrument called a lease was improperly admitted in evidence, because it was not signed by the lessee, Hamilton City. It was no lease. Hamilton City under its charter could not make a lease, except by writing, signed and countersigned as therein provided. Being a creature of statute, it could make no contract except by strictly following the provisions of the law creating it. The contract purports to be made with the " Trustees of Hamilton City," and there being no such persons in existence, either natural or artificial, the instrument is void, and the city cannot be bound by it.

III. It is claimed that the contract was ratified, but we contend there is no evidence of ratification by the board of trustees, and further, that an instrument which is void for want of mutuality or any other cause, cannot be ratified. If it could be ratified, it could only be by an instrument signed as required by the charter, and none such was proven and none such exists.

IV. If there was a lease, it was only binding on the corporation so long as it held the premises. It agreed to pay the " rent as above stated for such further time as the lessees might hold the same," and could not be held for rent longer than it held after the expiration of the term agreed on. The construction to be placed upon the instrument is that which is strongest against the grantor.

V. It is claimed that the statute of 1865 created a new term ; but we apprehend, if a contract is made for a term, and the lessee

Fitton *v.* The Inhabitants of Hamilton City.

covenants that he will pay only for such further time as he may hold the premises, such a construction would be stretching the statute to an unwarrantable extent. (1 Hilliard on Real Property, 212, Sec. 77, and authorities there cited.)

*Gehr & O'Dougherty* and *A. C. Ellis,* for Respondent.

By the Court, LEWIS, C. J.:

The Judge by whom this action was tried considered the evidence sufficient to warrant the following findings of fact, which embody the essential issues between the parties and sufficiently explain the character of the action.

" The defendants are the individuals composing the board of trustees of the municipal corporation of the ' Inhabitants of Hamilton City,' and that corporation itself.

" The corporation was created and duly organized by and under the act of the Legislature of the State of Nevada, entitled ' An Act to incorporate the town of Hamilton,' approved March 6th, 1869.

" On or about the fourteenth day of April, A.D. 1869, and after the organization of said corporation, its board of trustees adopted a resolution authorizing and directing a committee of their body to take a lease of a certain building situated in Hamilton for a term of three months, with the privilege of six, at a rent not exceeding two hundred and fifty dollars per month, for the use of the city for the purposes of a city jail, etc. This resolution was recorded in the minutes of the proceedings of the board, and duly approved, signed by the president of the board and by its clerk.

" Under this authority, the committee obtained from R. M. Peters, assignor of plaintiff, a lease of the lot upon which said building was situated, for the term of three months from the date of the lease, April 19th, 1869, with the privilege of three months additional from the nineteenth of July, 1869, at a rent of seven hundred and fifty dollars gold coin, the rent to be paid monthly in installments of two hundred and fifty dollars in advance, and also rent as above stated for such further time as the lessees might hold the same.

" This lease was signed only by the lessor, but was accepted by the committee and remained in their possession. Their proceed-

ings were reported to the board, and the city entered into possession of the premises, used them for a city jail, recorder's court and place of meeting for the board.

" After the expiration of the six months subsequent to April 19th, 1869, the corporate authorities continued to occupy said premises with the consent of the plaintiff, who had purchased of Peters, the lessor, until the thirteenth of November, when the building was destroyed by fire.

" The defendants paid the rent of the premises for six months, to wit : fifteen hundred dollars, but have not paid any further sum.

" As conclusions of law from the foregoing facts, the Court finds that the defendants, except the corporation, are not liable to plaintiff in any way, and are entitled to their costs of suit.

" But the corporation, by holding over with the consent of the landlord after the expiration of his term, became a tenant for another term of three months at a rent of seven hundred and fifty dollars gold coin, payable monthly in advance, two hundred and fifty dollars per month ; and the plaintiff is entitled to a judgment against said corporation defendant for said sum of seven hundred and fifty dollars gold coin, interest and costs of suit."

The defendants, Hyman, Estes, Barney, Sanderson and Sanders, were adjudged not liable, and therefore entitled to judgment for costs ; which judgment was rendered against the corporation for the sum of seven hundred and fifty dollars, the amount of the rent due for the term of three months, beginning on the nineteenth day of October, and ending on the nineteenth day of January. From the judgment against the corporation, and also from the order refusing a new trial, this appeal is taken upon several assignments of error, only two of which, however, it will be necessary to notice, as they involve the entire merits of the controversy ; and these are :

1st. The Court erred in admitting in evidence the lease offered by the plaintiff.

4th. It erred in finding as a conclusion of law that the corporation, by holding over after expiration of the six months, with the consent of the landlord, became a tenant for another term of three months at a rent of two hundred and fifty dollars per month.

In the lease offered in evidence, the " Trustees of Hamilton City " were named as lessees, and it was signed only by Peters, the lessor ; hence the objection to its admission in evidence.    It is established beyond controversy, that the instrument was executed on behalf and for the benefit of the municipality of Hamilton. It is also established beyond all controversy, as found by the Judge below, that the corporation entered into possession and occupied the premises under the lease thus executed.    Upon these facts, the question arises whether the taking possession under the lease rendered the defendant liable upon the covenants as if it had executed the instrument in proper form.    If so, the lease was undoubtedly admissible ; if not, possibly it should have been rejected.

It is the plainest dictate of justice and right, that if one obtain possession and occupy premises under a lease, he should be holden to accept it subject to all the covenants and obligations of the instrument.    The presumption that he does so is surely a fair and natural one, and although it has been held that an action of covenant could only be maintained against one who has executed the deed, still we are not aware of any authority holding that no action whatever could be maintained upon it, and the cases referred to are decisions simply respecting the proper form of action, where, as in this case, the deed is not, in fact, executed by the defendant.

But even upon that point we are inclined to think the decided weight of authority is the other way.    (See a very able review of this question in the case of *Finley* v. *Simpson,* 2 Zabriskie's R., 311.)    Under our practice, the different forms of action being abolished, it is only necessary to determine whether an action in any form can be maintained upon such instrument.    That it can, scarcely admits of doubt.    Many of the authorities which hold that covenant cannot be maintained, concede that any action which is not necessarily based upon specialty can be.

This distinction has its origin, probably, in the fact that an action of covenant was necessarily founded on a specialty—on the seal of the defendant—whilst assumpsit might be brought on an implied promise merely ; hence, where there was no execution of the deed by the defendant, the action of covenant had no foundation, whilst the implied assent or acceptance of the deed, by taking possession

under it, would be sufficient to support assumpsit.   Whether this be the true reason or not is of no consequence ; that it exists, and that all the Courts admit that an action of assumpsit for rent may be brought upon such instrument, where the defendant has entered into possession under it, is certain.

In *Goodwin et als.* v. *Gilbert et als.*, 9 Mass., the Court treated the question as settled, saying in its opinion : " The principal question in this case is whether if one grant lands to another by deed poll, with a reservation of certain duties to be performed by the grantee for the benefit of the grantor, this latter may have assumpsit against the grantee upon his non-performance.   It has long been settled that an action lies for rent reserved upon a deed poll.   The reason of the principle has a general application, and we are all satisfied that as a general rule, where land is conveyed by deed poll and the grantee enters under the deed, certain duties being reserved to be performed, as no action lies against the grantee on the deed, the grantor may maintain assumpsit for non-performance of the duties reserved."   If an acceptance of covenants and reservations of a lease is to be presumed from the entry upon and enjoyment of the premises under it by the lessee, or if assumpsit will lie for the non-performance of any duty reserved, surely the instrument under which such possession was taken in which the duties are reserved is admissible in evidence, for the purpose of showing what obligations the lessor assumed by entering into possession under it.   Indeed, the case is simply this : a written lease executed by the lessor with an implied acceptance of it by the lessee.   Upon such implied acceptance, as upon any implied contract, we see no reason why an action will not lie, nor why the lease whereby the lessor bound himself, and to whose covenants and reservations the lessee gave consent, should not be admissible in evidence for the purpose of establishing the conditions and reservations upon which possession of the premises was taken by the latter.   So far as this case is concerned, we hold that the acceptance of possession of the premises by the corporation is equivalent to an execution of the instrument itself in proper form.   The lease was not required to be in writing at all : if simply by parol, it would be equally binding on the city.

The statute (Laws of 1869, 165, Sec. 14) which declares that " all scrip and bonds issued and contracts and agreements made shall be signed by the president and countersigned by the clerk," in no wise prohibits parol contracts by the city, but only designates the manner in which written contracts shall be executed; and in the absence of statute to the contrary, a municipal corporation, like any other, may render itself liable on parol or implied contracts; hence, the Court below ruled correctly in admitting the lease.

Nor can we see how the fact that " the Trustees of Hamilton City " were designated as the lessees can make any difference in this result, for under that name the corporation accepted the lease, entered into possession, and occupied the premises.    The lease was in fact procured for the benefit of the corporation, and the instrument upon its face exhibits that fact.    Had the trustees executed the lease in their own names, a different question, and perhaps one more difficult, would be raised; but here is an instrument regularly executed only by the lessor, yet the defendant, the Corporation of Hamilton City, accepting it, entering into possession under, and reaping all the advantages from it.    Under such circumstances, upon the well-settled principles of estoppel, the corporation will not be permitted to take advantage of the fact that it was not correctly named in the lease.    As it assumed that style for the purpose of obtaining privileges under the lease, it will not be allowed to discard it for the purpose of avoiding the obligations and duties imposed by it.

The second assignment of error is very readily disposed of.  Sec. 4, page 264, Laws of 1864–5, declares that " in all leases of lands or tenements or any interest therein, for a month, or any less term than one year, and the tenant holds over his term by consent of his landlord, the tenancy shall be construed to be a tenancy from month to month, or a tenancy for such term less than a year as the case may be."   We have endeavored to show that the municipality, known as the " Inhabitants of Hamilton City," accepted the lease and thereby bound itself by all its covenants.    The term designated in the lease being three months, and the defendant having held over by the consent of the landlord after the expiration of that time, by virtue of the statute above quoted the term was extended for

another three months, and thus the defendant became liable for the stipulated rent for that additional length of time. That it did not occupy the premises during the entire time is no answer to the plaintiff's claim, unless the landlord by some act of his own relinquished his right, and that is not pretended in this case.

The judgment below must be affirmed. It is so ordered.