(15 Misc. Rep. 140.)

ADAMS v. BOELGER et al.

(Common Pleas of New York City and County, Additional General Term, December 27, 1895.)

LEASE—EXECUTION—SIGNING BY LESSOR ONLY.
  A lease signed by the lessor was delivered to one of the lessees, and retained by him, but he stated at the time that he would not sign the paper until his brother should come. Afterwards a check was given in payment of the first month's rent, and the amount necessary to secure the transfer to the lessees of a saloon license granted to a prior occupant of the premises. *Held,* that the conduct of the lessee did not amount to an acceptance and ratification, and will not be construed as an execution of the lease.

Appeal from Seventh district court.

Action by Albert J. Adams against Jacob Boelger and another. Judgment was rendered in favor of defendants, and plaintiff appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Francis V. S. Oliver, for appellant.

Moses Weinman, for respondents.

BOOKSTAVER, J. This action was brought to recover one month's rent of the premises No. 11 James slip, in this city, which the plaintiff claimed to have leased to the defendants for a period of five years from January 1, 1895. The answer was a general denial, and a plea of the statute of frauds. On the trial the plaintiff offered in evidence a paper purporting to be a lease for the term of five years from January 1, 1895, at an annual rent of $1,500, which was signed by himself only, and not by the defendants; and the defendants claimed that this instrument was void because not executed by them. Although 2 Rev. St. p. 135, §§ 6, 8, seem to require an instrument conveying land, or creating a lease of the same for a period exceeding one year, to be signed by the grantor or lessor only, in order to make it valid, yet McAdam, in his Landlord & Tenant (page 555), states the broad principle that if a lease be subscribed by the lessee, and not by the lessor, or vice versa, it does not satisfy the requirements of the statute; citing several authorities. An examination of these authorities shows that, however clear they may be as to the first part of the proposition, they are not very convincing as to the second. But the statement seems to be sustained by Whitford v. Laidler, 94 N. Y. 145, where it was held that a lease signed by the lessor and some of

the officers of a farmers' club, as lessees, but not by all of them, was void. In 12 Am. & Eng. Enc. Law, p. 986, it is stated that one of the essentials to a complete lease is the signatures of the parties thereto, or such a ratification as would in law amount to a signature; and in support of this proposition are cited Clemens v. Broomfield, 19 Mo. 118; Wade v. Newbern, 77 N. C. 460; Harrison v. Parmer, 76 Ala. 157; Waller v. Deane and Chapter of Norwich, Owen, 136; Kelsey v. Tourtelotte, 59 Pa. St. 184. On the other hand, the courts of Illinois, New Hampshire, Nevada, and Maine (McFarlane v. Williams, 107 Ill. 33; Fitton v. Inhabitants of Hamilton City, 6 Nev. 196; Worster v. Manufacturing Co., 41 N. H. 18; Libbey v. Staples, 39 Me. 166) have decided that it is not necessary for a lessee to execute a lease, in order to make it a valid instrument. But in all this latter class of cases it will be found, on examination, that, in order to make such an instrument binding, the lessee must have entered upon the demised premises under the lease, or unqualifiedly accepted or ratified the same. At common law such leases were made effectual by livery of seisin, as in the case of a deed. In this case there is no evidence whatever that the lessees had possession of the premises in controversy for a single hour. There is some vague testimony as to their having the keys at one time, but this scarcely amounts to the dignity of evidence. Nor do we think there is any conclusive evidence of acceptance or ratification. On this point the plaintiff relies chiefly upon the fact that the lease, when executed by the plaintiff, was delivered to the defendants, who kept the same, and afterwards gave a check for one month's rent and the amount required for the transfer of the license to them, and gave a receipt therefor. But at the time this was done one of the defendants expressly stated to plaintiff's agent that he could not sign the lease until his brother came, and would not sign it. The check was given by the bookkeeper of the defendants. The evidence in regard to the transaction is extremely vague and confused, plaintiff's witnesses making different statements as to important features of it. We gather, however, that one Augustus Mayer and the attorney for the plaintiff had a conversation in regard to the former leasing a place in which to start the liquor business. When the attorney called Mayer's attention to the premises in question, he made inquiries as to the terms on which the place could be procured, the character of the place, etc. Afterwards Mayer had an interview with the agent of the plaintiff, not yet having seen the premises in question, when he told the agent to draw up a lease for five years for Jacob Boelger. This lease was handed to the defendants, or one of them, and was returned as not being made out to the right parties. Another lease was afterwards drawn up, and handed to one of the defendants; but all of plaintiff's witnesses testified that at that time there was nothing said as to accepting or rejecting the lease, or in fact in regard to it. A careful reading of the testimony convinces us that Mayer was to be the party to be put in possession of the premises, and to have charge thereof, and that the defendants were to assist him in starting the place, in various ways, and that they did not contemplate themselves being the lessees of the place. And when Mayer discovered, after the delivery of the paper

to the defendants, that the premises had been used as a disorderly resort, and that a license for the same had been revoked by the board of excise on that ground, neither he nor the defendants would have anything further to do with it. One thing is clear from the evidence, and that is that both the plaintiff and the defendants, at the time the paper was delivered to the latter, contemplated that it should be executed by both parties. This was not done by the defendants, for the reasons above stated, and therefore it did not become operative. Brackett v. Barney, 28 N. Y. 333; Whitford v. Laidler, supra. The giving of the check and the receiving of the receipt, under the circumstances appearing in the return, did not amount to an acceptance or ratification of the lease, and cannot be considered as an execution of that instrument.

We therefore think that the justice who tried the case was fully justified in arriving at the conclusion he did, and that the judgment should be affirmed, with costs to the respondents.