Gunter, J.
In 1893, the State Board of Land Commissioners leased to Carpenter certain mineral school lands. Possession was taken, and mining operations begun. In 1895, Carpenter, by indorsement on the lease, assigned an interest therein to coappellees. This assignment was accepted by the board, and a new bond executed. Mining operations were continued until September 9, 1897. Up to that date appellees had expended about $3,000, in developing the property. August 4, 1897, the board ordered the lease canceled, and relet the premises to appellant Joyce. September 9, 1897, appellees were notified of the cancellation and the reletting; also that the ground for cancellation was nonpayment of rent. They were further notified to discontinue mining operations. The rent was not delinquent. Appellees promptly petitioned the hoard for a cancellation of the Joyce lease, and a reinstatement of their lease. This was denied. Thereupon appellees filed their complaint in the district court, presenting above facts, and asked cancellation of the Joyce lease, reinstatement of their lease and other appropriate relief.
Appellants demurred generally thereto. They stood by their overruled demurrer, and this appeal is from the judgment on the complaint consequent.
According to these facts, a wrong was done appellees. By the decree of the district court canceling the Joyce lease, and ■reinstating the lease of appellees, the wrong was righted. Appellants contend, however,
I. That an action will not lie against the State Board of Land Commissioners ; that it is, in effect, a suit against the state.
This question was ruled in Greenwood Cemetery Land Co. v. John L. Routt et al., 17 Colo. 156 ; 28 Pac. Rep. 1125. There the hoard contracted to sell school lands to the company. The company tendered payment and demanded execution and delivery of the patent. This refused, the company brought mandamus against the board. Defendants contended the *438 action would not lie against Routt, as governor, by reason of his being the head of the executive department. The action was sustained upon the ground that the duties of the board, and each member thereof, in conducting sales of school lands, were not discretionary, political or governmental, but were performed upon a purely business basis. In the course of the opinion, the court says, quoting Marbury v. Madison, 1 Cranch, 170:
“It is not by the office of a person to whom the writ is directed, but by the nature of the thing to be done, that the propriety or impropriety of issuing a mandamus is to be determined.”
It further says:
“No one can carefully read the statute regulating the sale of public lands without reaching the conclusion that it was intended to place the proceedings of the land board in conducting such sales upon a purely business basis; there is nothing of a political nature or of a discretionary character in the duties of the board, or of any member or officer thereof, in the matter of conducting such sales or in their subsequent dealings with purchasers; the transactions are commercial rather than political or governmental.”
Further: “ When the governor has had his day in court in a suit or action with a private citizen in a matter affecting a specific vested right of the latter and not involving the political, governmental or other discretionary power of the former and the action is finally determined in favor of the citizen, there can be no doubt that it is the duty of the governor, the same as any other party, to yield obedience to the judgment of the court.”
The present action, the purpose of which is to secure the rights of appellees vested under a lease running to them from the state board of land commissioners, is within the principle above announced. No discretionary,, political or governmental power of the executive branch of the state government will be invaded by granting the relief herein prayed.
*439 II. Counsel further contend that if appellees had a remedy it was certiorari.
“ The writ (certiorari) shall he granted in all cases where an inferior tribunal, board or officer, exercising judicial functions has exceeded the jurisdiction or greatly abused the discretion of such tribunal, board or officer, and there is no appeal, nor in the judgment of the court any plain, speedy and adequate remedy.” Mills’ Code, sec. 297.
“ The review upon the writ shall not be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer.” Mills’ Code, sec. 303.
“ The writ of certiorari provided by chapter 28 of the Code of Civil Procedure, is the same in substance as the common-law writ which lies for the removal of causes from an inferior to a superior tribunal.” In Re Rogers, 14 Colo. 18; 22 Pac. Rep. 1053 ; Ellis v. People, 15 Colo. App. 341; 62 Pac. Rep. 232.
“ The court does not review, by certiorari, an order, action or proceeding, unless it be judicial in its nature, and not legislative or merely ministerial.” Harris on the Law of Certiorari, p, 3, § 2; p 14, § 14, and authorities cited; People ex rel. v. Dist. Court, 6 Colo. 534.
“ The necessity of notice in the inception and the conclusive character of the determination are, perhaps, as good, a test as any other as to what proceedings are judicial.” Home Ins. Co. v. Flint, 13 Minn. p. 244.
In this case the board, acting as the administrative agent of the state, on the ground that rent was delinquent, canceled the lease of appellees and relet to appellant Joyce. The rights of appellees were not concluded by this action; whether the facts were sufficient to sustain this order, was open to question in any court of competent jurisdiction. The determination by the board of the rights of the parties not being conclusive, its action was not judicial in its nature. The proceeding not being judicial in its nature, was not subject to review on certiorari,
*440 Further, the error of the hoard was not in exceeding its jurisdiction, or in failing to regularly pursue its authority, but in its action upon the merits; in ordering the lease canceled for default in rent, when rent was not delinquent. This suit goes to the merits of the case, to determine whether, on the facts, the board could cancel the lease of appellees, and relet to Joyce. Upon an investigation of the merits of the case, the relief of appellees is dependent. Such is not the province of certiorari.
“ While power is vested in the courts by certiorari to review the proceedings of all inferior jurisdictions, to correct jurisdictional errors, they will not rejudge their judgments on the merits. The correctional power extends no further than to keep them within the limits of their jurisdiction, and to compel them to exercise it with regularity.” Aldermen of Denver v. Darrow, 13 Colo. 466 ; 22 Pac. Rep. 784; Union Pacific Ry. Co. v. Bowler, 4 Colo. App. 25; 34 Pac. Rep. 940.
Certiorari would not lie herein.
III. The failure of lessees to sign the lease, did not invalidate it. Taking possession of the demised premises and occupying them under the lease, was an acceptance of the lease and equivalent to an execution of the instrument itself. The contract under such circumstances is not unilateral. Fitton v. The Inhabitants of Hamilton City, 6 Nev. 196; McFarlane v. Williams, 107 Ill. 33.
Appellees adopted the proper remedy. The facts appearing by the complaint justified the relief granted below.
Let the judgment be affirmed.

Affirmed.

Wilson, P. J., not sitting.