HARRY J. RUHLE ET AL., PROSECUTORS, v. EDWIN C. CAFFREY, JUDGE OF THE BERGEN COUNTY CIRCUIT COURT, DEFENDANT.

Argued May 1, 1934—Decided August 14, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutors, *Charles Fishberg.*

For the defendant, *Abram A. Lebson.*

The opinion of the court was delivered by

HEHER, J. The writs of *certorari* allowed herein bring up orders entered in the Bergen County Circuit Court dismissing the several appeals of seven landowners from individual assessments, made by the mayor and council of the borough of Tenafly and the tax collector thereof, against their respective tracts of land, for benefits assertedly conferred by reason of the improvement of public highways laid out in that municipality. After the making of the return, an order of consolidation was entered. The returns are substantially alike, and the questions raised are common to all, with one exception to be hereinafter noted.

The court below concluded that the appeals should be dismissed, for the reasons that (1) the several notices of appeal were not signed by the appellants, and (2) service thereof upon the borough collector was irregular and ineffective, in that it consisted, in each case, of the delivery of a copy thereof to his wife.

The first ground is clearly untenable. Section 42 of article 20 of the act concerning municipalities (*Pamph. L.* 1917, *pp.* 319, 392), as amended by chapter 347 of the laws of 1933 (*Pamph. L.* 1933, *p.* 904), provides for the taking of the statutory appeal by the service and filing of a "written notice" thereof, without more except that it "shall state the address of the appellant where notice of further proceedings may be served upon him." This appellate proceeding is wholly statutory, and it is fundamental that a substantial compliance with the provisions of the statute is a prerequisite to jurisdiction in the appellate court. Compare *Proprietors of Morris Aqueduct* ads. *Jones,* 36 *N. J. L.* 206; *affirmed, sub nom. Jones* v. *Morristown Aqueduct Co.,* 37 *Id.* 556.

The law, however, looks upon appeals with a favorable eye, and statutes prescribing the procedure will be liberally construed. There is no express requirement in the statute that the appellant shall append his signature to the notice of appeal, and such a legislative purpose will not be implied. In the absence of provision to the contrary, the notice of

appeal may be given by the appellant, or his authorized agent or attorney. Here each notice was signed in the name of the appellant by his attorney, who is a duly licensed attorney at law of this state. His authority in the premises will be presumed. *Kaufman* v. *Jurczak,* 102 *N. J. Eq.* 66.

The point made by respondent that the notice of appeal "left at the house of the tax collector" was not the "original notice," as distinguished from a signed manifold, is frivolous. There was a substantial compliance with the statutory requirement in this respect, and this, as we have pointed out, satisfies the statute.

But there was a fatal failure to comply with the directions of the statute as to service of the notice. Concededly, personal service of the notice was not made upon the tax collector. The affidavit of service sets forth that the notice was served upon the tax collector "by serving a copy of the [attached] notice of appeal upon Mary T. Delehanty, who was in charge of the tax collector's office * * *." There was personal service of the notice upon the borough clerk, except in the case of appellant Bertels. In the latter case service was made by delivering a duplicate to a subordinate in charge of the clerk's office. It is not suggested that personal service upon these public officers was impossible. Personal service, as we shall see, was required, and thus the act, in one of its essential provisions, was not substantially complied with.

Section 42 of the act provides that the landowners affected "may * * * appeal * * * by serving written notice of such appeal * * * upon the tax collector and a duplicate upon the clerk of the governing body." The question at issue is essentially one of statutory construction, and we are led to the conclusion that the legislative concept was personal service, as distinguished from substituted service. The law provides for two methods of service of process: the one actual, and the other constructive. "Actual service of process" is made by reading the original process to the defendant, or by delivering to him a copy thereof; and "constructive service," which is a substituted service, is made by leaving a

copy of the process at the defendant's residence when he is absent, or by posting or publishing notice of the pendency of the suit, and mailing a copy of the notice posted or published to the defendant, if his post office address is known. 21 *R. C. L.* 1269. "Personal service" ordinarily means actual delivery of the process to defendant in person, and does not include service by leaving a copy at his usual place of abode, or at his home or his office, or by delivery to someone else for him. 50 *C. J.* 468. The general rule in regard to the service of process, established by centuries of precedent, is that process must be served personally, within the jurisdiction of the court, upon the person to be affected thereby. Substituted service, when provided by statute, is in derogation of such general rule, and, consequently, the directions thereof must be strictly construed and fully carried out to confer jurisdiction. *Erickson* v. *Macy,* 231 *N. Y.* 86; 131 *N. E. Rep.* 744; 16 *A. L. R.* 1322. It is a corollary of this that if the manner and mode of service is not provided for, personal service is requisite. This is the generally accepted rule. *Haj* v. *American Bottle Co.,* 261 *Ill.* 362; 103 *N. E. Rep.* 1000; *Hardenbergh* v. *Thompson,* 1 *Johns.* 61; 3 *C. J.* 1235.

It is to be presumed that the legislature was familiar with this firmly established rule of construction that a provision for service of process or notice, without a specification of the manner or mode, connotes personal service, and, that being so, it is our plain duty to apply it, in the absence of language clearly evincing a contrary purpose, to the statute under consideration. But any doubt as to the legislative intention and purpose is dispelled by the provisions of section 23-A of article 20 of the act (*Pamph. L.* 1921, *pp.* 511, 513) that, when an appeal is taken from an award for lands taken for a public improvement by virtue of an ordinance adopted under section 23, as amended by *Pamph. L.* 1925, *p.* 233, ¶ 1, notice thereof shall be served on the chief executive officer or the clerk of the governing body of the municipality, "either personally or by leaving the same *at his office* or place of abode." The same statute amended section 42 of article 20, but there was a significant omission of a like provision for

substituted service where an appeal was taken from an assessment for benefits or an award of damages incidental to the improvement. The affirmative provision for substituted service in the one case implies the negative as to this mode of service in the other.

While it is difficult to understand why the legislature provided for substituted service in the one case and not in the other, we must take the act as it is, and assume that the omission of such provision in the one case was purposeful and not inadvertent. This was a question of legislative policy, and where the lawmakers' purpose is expressed in unmistakeable language, the provision must be enforced by the court as it is written, without regard as to its wisdom or utility. *Baader* v. *Mascellino,* 116 *N. J. Eq.* 126. Compare *Proprietors of Morris Aqueduct* ads. *Jones, supra.*

The fact that the service is made upon the collector in his official capacity, and the circumstance that the subject-matter of the appeal involved his official action, are of no consequence or significance, unless made so by the statute. It is the intention of the legislature, as expressed in the act, that controls. Clearly, it is *service* upon the officer, and not the *filing* of the notice in his office, that is required.

The question of waiver of irregular service, by voluntary submission to the jurisdiction of the court, is not presented. There was a timely application to dismiss upon the ground of non-compliance with the statutory provision for service of the notice of appeal. No action was taken by the municipality, or its officers, that implied submission to the jurisdiction of the court below.

Orders affirmed.