L. Babroít Hill, J.
This is a proceeding pursuant to section 280 of the Village Law, in the nature of an order of certiorari to review certain assessments in the village of Lawrence, county of Nassau, New York.
Petitioners are the developers of a tract of land of approximately 23 acres lying north of Bock Hill Boad. Another tract of land of approximately 50 acres, likewise used for development purposes, lies to the south of said road. In 1953, the respective developers of the two tracts applied to the planning board to file their respective maps. As a result of conferences or negotiations, it was determined to put a sewage pumping station to serve both developments on the 50-aere tract to be connected with the village sewage disposal plant by a force main.
At that time, 1953, the village board passed a resolution, pursuant to said section 280 of the Village Law determining that the entire village bear 30% of the cost of improvement and that the area benefited bear 70% of the cost.
It appears that both properties remained in an undeveloped state until about 1957. In that year, firm bids were received for the construction of the pumping station and the force main. In *346 the intervening four years, costs had risen and the final bids considerably exceeded the estimates of 1953.
Thereafter in 1957, pursuant to public hearing held in accordance with the requirements of subdivision 1 of section 280 of the Village Law the resolution of 1953 was rescinded and a new one made whereby the village as a whole was to pay 20% of the cost of improvement and the area benefited was to pay 80% of the cost.
The trustees have further determined that each of the developments shall bear half the cost allocated to the area benefited. They have divided the total area into Sub-Area A and SubArea B. Bach of the subareas is to pay 40% of the cost of improvement and this cost has been allocated within the subarea among the various lots on a frontage basis.
The petitioners own some of the lots in Sub-Area A and have mortgage interests in others and, as has been stated, are the developers of this property. They have brought this proceeding to review the assessments. No other owners in either Sub-Area A or Sub-Area B have complained.
There has been much talk by both sides concerning an alleged agreement by both developers to pay one half the cost of the improvement to be borne by the benefited land. Petitioners deny such an agreement and respondents do not rely on it except inferentially in connection with an argument of estoppel.
At this point, it might be well to mention that, on this application, I am not concerned with the application of the $25,000 admittedly paid by petitioners to respondents. If petitioners are aggrieved by the disposition of this sum, their remedies lie elsewhere than this proceeding to review the assessments.
The board of trustees in making the assessments have proceeded under the authority of subdivision 2 of section 280 of the Village Law which insofar as is applicable here provides: “When the cost of any such local improvements has been determined the board shall apportion and assess the part of the expense to be raised by local assessments upon the lands in such assessment district, according to frontage, area, assessed value, or otherwise, as the board may determine during the proceedings to be just and equitable ” (emphasis supplied).
The trustees contend that their mode of assessment is equitable in view of the circumstances and that it is authorized under the words “ or otherwise ?\ They contend that Sub-Area ££ A ” is high land and Sub-Area “ B ” is swamp and marshland such that the 23 acres is equal in value with the 50-acre parcel.
The trustees, further, contend that each parcel was equally benefited by the construction of one sewage pumping station, *347 instead of requiring each developer to build a separate unit, and, therefore, each should equitably bear half the cost.
The record is devoid of any proof that the value of the 23-acre parcel equalled that of the 50-acre parcel. In the absence of such proof, the determination of the board that the parcels were equally in value because one was highland and the other lowland is arbitrary.
Nor does the statute authorize any allocation of cost on the basis of benefit derived because another unit might have had to have been built. The lands in the entire assessment district must be assessed “ according to frontage, area, assessed value or otherwise ”. The general words “ or otherwise ” must bear a relation to the specific words which precede them; i.e., frontage, area, assessed value. There can be no arbitrary determination of what might have been. The assessment must be based on the facts existing at the time of the assessment.
It follows, therefore, that the assessments must be annulled and the matter remitted to the board of trustees for a new determination in accordance with law.
Settle order.