No. 21628.

THE CITY OF ENGLEWOOD, ET AL. *v.* HARRY A. DAILY, ET AL.
(407 P.2d 325)

Decided November 1, 1965.     Rehearing denied November 22, 1965.

MYRICK, CRISWELL & BRANNY, for plaintiffs in error.

ALAN L. STERNBERG, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS writ of error is directed to a judgment of the district court of Arapahoe county, the effect of which was to invalidate the annexation of a substantial tract of land to the City of Englewood.

The defendants in error, to whom we will refer as the plaintiffs, were either owners or residents and owners of realty within the area included in the annexation proceedings. They attacked the validity of the proceedings on various grounds.

The trial court held the annexation to be invalid for the reason that city councilmen, officials, or employees

of the annexing city engaged in the circulation of petitions requesting that the property described therein be annexed to the City of Englewood. Specifically, the trial court pointed up the issue and gave its answer in the following language:

"* * * The question to be determined here then is whether councilmen, officials and employees of an annexing municipality are prohibited from engaging in the actual circulation of petitions for annexation. It is the conclusion of this Court that such officers and employees are so prohibited."

C.R.S. 1963, 139-10, deals with the subject of Annexation of Territory. There is nothing therein which expressly forbids a councilman or city official from circulating a petition for the annexation of land to the city in which he holds office. The trial court, however, held that such a prohibition was implied, for two reasons:

First, if councilmen circulated the annexation petitions, the petitions would actually be theirs, rather than those of the residents and landowners, as required by the statute. Secondly, since the statute requires the annexing city's legislative body to determine whether the petitions meet the requirements of the statute (Colorado Revised Statutes 1963, 139-10-3(2)), which the lower court found to be a quasi-judicial function, the statute would become "meaningless" if the same person who circulated them later passes upon their sufficiency.

As grounds for reversal of the judgment the plaintiffs in error, who will be referred to as the defendants, argue that:

"1. In reviewing proceedings under Colorado Revised Statutes 1963, 139-10, a court has no authority, other than to determine whether the requirements of the statute have been complied with. It cannot read into the statute either a further requirement or an additional prohibition, unless the statute itself creates it.

"2. Nowhere does Colorado Revised Statutes 1963,

139-10 prohibit, either expressly or by necessary implication, an annexing city's officials from participating in the circulation of annexation petitions.

"A. So long as the landowner's consent is freely given to the annexation, it is immaterial who acts as the witness to his signature.

"B. The fact that city councilmen must 'find' that the form of the petition meets the statutory requirements when it is presented to the annexing city's council, does not disqualify the councilmen from acting as circulators of the petitions."

The hearing had upon the plaintiffs' complaint in the lower court was held pursuant to the provisions of C.R.S. 1963, 139-10-6, which allows "any person aggrieved by any annexation proceedings" to obtain a judicial review of the same. While this section of the statute does not, itself, delineate the authority of the reviewing court upon such review, its obvious purpose is to permit the court to determine only if the procedural mandates of the statute have been met; it cannot pass upon the wisdom of the annexation itself, nor can it invalidate any annexation for a reason other than a failure to comply with the provisions of the statute. *City of Littleton v. Wagenblast*, 139 Colo. 346, 338 P.2d 1025.

The statute contains no express prohibition against any person becoming the circulator of a petition. It is clear that one who does not own property in the area to be affected may be a circulator. The statute requires that "the circulator" of a petition shall execute an affidavit "that each signature thereon is the signature of the person whose name it purports to be." Annexation proceedings are "initiated" by presenting the petitions to the legislative body of the city. From this provision, the lower court concluded that, if city officials act as circulators, the petitions become those of the circulators and it is not, therefore, the landowners, but the city, who is "initiating" the proceedings. If the

legislature had deemed it improper for city officers to act as circulators it would have been a very simple matter to have expressly excluded them. The trial court held, however, that there was an implied prohibition. The court reasoned that since annexation proceedings are "initiated" by presenting the petitions to "the legislative body of the city," if a city official acts as circulator the petition becomes that of the circulator instead of that of the property owners who signed it. We disagree. This conclusion is erroneous because it misconstrues the intent of the statute and places too great a significance upon the part a circulator plays in annexation proceedings, and also because it assumes that the statute makes it *malum in se* for city officials to encourage annexation and, in this sense, to "initiate" proceedings therefor. It cannot be said that petitions circulated by city officials are any more the petitions of those city officials, or that the city officials "initiated" the annexation, than they would be the petitions of any other circulator.

The error into which the lower court fell was in confusing the act of the landowner in giving consent to having his land annexed (which is, of course, clearly required) and the mechanical way of verifying that his consent has been obtained. So long as the requisite number of landowners freely consent to the annexation it is wholly immaterial who obtains that consent. *Swift v. City of Phoenix,* 90 Ariz. 331, 367 P.2d 791; *Tovey v. City of Charleston,* 237 S.C. 475, 117 S.E.2d 872.

A second reason was given by the trial court for raising an implied prohibition against the city councilmen's participating in the circulation of the petition for annexation. The statute provides that upon completion of the petition it shall be "presented to the legislative body of the city," and that, "If such legislative body shall find that the petition and the documents annexed thereto meet the requirements of this section" certain

procedures shall be followed in order to complete the annexation.

The requirement that if the legislative body "shall find" upon examination of the petition that it "meets the requirement" of the statute other procedures should follow, does not involve a hearing upon notice in an adversary proceeding, in which a judicial or quasi-judicial "finding" is called for. The "finding" of compliance with the statute, as a preliminary step in annexation proceedings, is no more than an administrative or ministerial conclusion of fact upon which the legislative power to act is dependent, and this "finding" would necessarily be made by the legislative body whether the statute required it or not.

Courts have mentioned several methods by which a distinction is drawn between a ministerial or legislative act on the one hand, and a quasi-judicial act on the other. The most common test is to determine whether the function under consideration involves the exercise of discretion and requires notice and hearing. If these elements are present the "finding" is generally a quasi-judicial act; if any of them are absent it is generally an administrative act. *State Board of Land Commissioners v. Carpenter*, 16 Colo. App. 436, 66 Pac. 165; *City of Albany v. McMorran*, 34 Misc.2d 316, 230 N.Y.S.2d 434; *Mayor of Union Point v. Jones*, 88 Ga. App. 848, 78 S.E.2d 348; *Whittaker v. Village of Venice*, 150 Ill. 195, 37 N.E. 240; and *State v. City Council*, 167 Minn. 307, 209 N.W. 3.

The statute under consideration makes no provision for notice or hearing before the "finding" of the legislative body. There is nothing about the "finding" by which any property owner or other person aggrieved could possibly be bound. There is nothing in the act which directly or by implication disqualifies the members of the city council, or other officers of the city, from circulating petitions for annexation of land to the city.

We have given attention to other points relied· upon by the plaintiffs as grounds for invalidating the annexation and find them to be without merit.

The judgment is reversed and the cause remanded with directions to enter judgment sustaining the annexation.