## No. 25877

**Orchard Court Development Company, a Colorado corporation v. City of Boulder, Colorado, a Colorado municipal corporation**

(513 P.2d 199)

Decided August 20, 1973.

362

Reynolds, Connell, and Moran, John M. Banman, for plaintiff-appellant.

Walter L. Wagenhals, City Attorney, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant seeks to reverse an adverse judgment of the Boulder County district court, denying it relief from a special assessment levied against its property by Ordinance No. 3806 adopted by the City of Boulder on June 20, 1972. We affirm the judgment.

Pursuant to Chapter 17 of the Revised Code of the City of Boulder, by Ordinance No. 3678, the 30th Street, Arapahoe Avenue to Longmont Diagonal Improvement District was created. Improvements consisting of the installation of storm sewers, storm sewer drainage facilities, road-widening, including left-turn bays at various intersections, new road surfacing, curbs, gutters, setback sidewalks, driveways and traffic devices, were constructed at a total cost of $1,135,000. Ordinance No. 3806 was then adopted by which the City determined that $360,000 of the total cost of the improvements was properly assessable to the property owners within the improvement district, and the balance of $775,000 should be paid by the City. That portion of the whole cost assessed to the property owners was: the expense of paving and storm drainage, assessed on an area basis; the expense of curbs, gutters and sidewalks, assessed on a front-foot basis; together with a portion of the design, engineering and administrative costs. The appellant's property, consisting of a tract of 373,346 square feet (approximately eight and one-third acres) with a frontage of 1,293.77 feet on 30th Street, was assessed in the sum of $31,508.

The various procedures required by Chapter 17 of the Revised Code, in adopting the special assessment ordinance, were admittedly complied with in all respects. Appellant filed written "Remonstrances and Objections" and appeared at the public hearing by counsel, who presented a detailed statement of the objections in opposition to the proposed ordinance. He did not tender evidence as such, or offer testimony by witnesses, lay or expert. After hearing and consideration of the matters presented by objecting property owners, Ordinance No. 3806 was finally adopted, levying the assessment which appellant contends was unlawful.

Appellant then commenced an action in the district court, seeking injunctive relief from the assessment. It contended that the ordinance was void and constituted an unconstitutional taking of its property without due process of law. Additionally, appellant asserts that it was denied equal protection of the law in that the ordinance established an arbitrary and discriminating disproportion between property owners, based upon illegal, unjust and unconstitutional distinctions. The trial court held that the review of the city council action in adopting the ordinance was limited to review in the nature of certiorari under C.R.C.P. 106(a)(4) and that the injunctive relief prayed for was not appropriate under the circumstances. After reviewing the record of the council proceedings tendered pursuant to the above rule, the court found there was no abuse of discretion by the city council in levying the disputed assessment and the court thereupon dismissed the complaint. Appeal was commenced directly to this Court on the ground that the constitutionality of the assessment ordinance was under attack. 1969 Perm. Supp., C.R.S. 1963, 37-21-2(1)(c).

I.

Appellant asserts that the trial court erred in treating the action as a Rule 106 proceeding, thereby limiting its consideration to a review of the record of the council proceedings wherein the special assessment was determined and the ordinance was adopted.

Initially, we note that the right to appeal to the courts from a special assessment for public improvements

does not exist by statute. *Fuller v. Incorporated Town of Rolfe,* 249 Iowa 80,.86 N.W.2d 249; *City of Gary v. Roper,* 202 Ind. 445, 175 N.E. 242; *Auburn v. Paul,* 110 Me. 192, 85 A. 571; *Village of Edina v. Joseph,* 264 Minn. 84, 119 N.W.2d 809; *Roberts v. City of Mitchell,* 131 Neb. 672, 269 N.W. 515; *Ruhle v. Caffrey,* 113 N.J.Law 240, 174 A. 204; *Eckard v. Zion,* 12 Misc. 2d 344, 172 N.Y.S.2d 363, aff'd, 6 App. Div. 2d 885, 177 N.Y.S.2d 578; *City of Portland v. Mima Corp.,* 132 Or. 660, 285 P. 815; 63 C.J.S. *Municipal Corporations* § 1502; 14 *E. McQuillan, Municipal Corporations* § 38.231.

■ While C.R.S. 1963, 89-2-38, which applies to cities generally, specifically affords a limited remedy to enjoin the collection of "assessments levied under this article," appellant does not contend this statute applies to the home rule city of Boulder and the assessment levied pursuant to Chapter 17 of its Revised Code. Chapter 17 of the Revised Code provides a complete procedure for the creation of special improvement districts and the levying of special assessments. Although it requires that court review must be brought within thirty days from the effective date of the ordinance, it does not specify the nature of the review that may be taken. Under these circumstances it is appropriate that review be had under C.R.C.P. 106(a)(4), which is specifically authorized where there is no available plain, speedy or adequate remedy.

■ Appellant additionally argues that passage of Ordinance No. 3806 was a legislative act and review by Rule 106 was therefore not appropriate, as it is limited to review of an inferior tribunal exercising judicial or quasi-judicial functions. In our view, it is clear that the city council, in apportioning the costs of the improvements constructed under the ordinance to properties in the improvement district specifically benefitted, was exercising a quasi-judicial function. The ordinance requires the giving of notice, a public hearing at which an opportunity be provided to be heard and present evidence, and a determination whether special benefits to particular properties have accrued; and, if so, the extent

thereof. The foregoing requirements characterize the procedures as quasi-judicial as opposed to purely legislative or administrative functions. *Englewood v. Daily,* 158 Colo. 356, 407 P.2d 325; *Kizer v. Beck,* 30 Colo. App. 569, 496 P.2d 1062; *City of Houston v. Blackbird,* 394 S.W.2d 159 (Tex. Sup. Ct. 1965).

Implicit in appellant's argument is the contention that it should have been afforded a de novo hearing at which it could present evidence in support of the purported invalidity of the assessment. It was long ago established, in *City of Denver v. Kennedy,* 33 Colo. 80, 80 P. 122 (before the adoption of C.R.C.P. 106(a)(4)) that the determination of special benefits and assessments is left to the discretion of municipal authorities, and their action is conclusive on the courts unless it appears such was fraudulent or unreasonable. Thus, the court's duty in reviewing assessment proceedings is to determine if the assessing tribunal abused its power. Rule 106(a)(4) specifically provides that review shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion. A de novo evidentiary hearing for the purpose of making independent findings concerning benefits and assessments would clearly have been beyond the court's power and authority. *See also, Brenkwitz v. City of Santa Cruz,* 272 Cal. App. 2d 812, 77 Cal. Rptr. 705; *City of Reno v. Folsom,* 464 P.2d 454 (Nev. Sup. Ct. 1970).

We agree with the trial court's resolution of this issue.

II.

Appellant asserts it was denied equal protection of the law and due process of law because Chapter 17 of the Revised Code was misapplied to it. Appellant argues the amount of the special benefit theoretically conferred upon its property did not equal the amount of the assessment, and, in effect, there was no evidence before the city council substantiating the specific assessment levied against any property.

The due process argument is unsupported, as the record clearly demonstrates. Appellant was given notice and afforded a full opportunity to be heard and to present its

evidence to test the validity of the proposed special assessment against its property. *City of Denver v. Kennedy, supra.* Concerning the equal protection argument, the record again demonstrates that the formula of assessment based upon "front foot, square foot" was uniformly applied to all property owners assessed within the district, subject to variations as considered by the council, which resulted in amendments to the assessments after the hearing of objections. The front-foot, square-foot basis of attributing benefits and assessing costs has long been considered a valid method of apportionment. *City of Denver v. Dumars,* 33 Colo. 94, 80 P. 114; *Denver City v. Knowles,* 17 Colo. 204, 30 P. 1041; *City of Pueblo v. Robinson,* 12 Colo. 593, 21 P. 899; 63 C.J.S. *Municipal Corporations* § § 1426, 1427; 48 Am. Jur. *Special or Local Assessments* § § 65, 66. This Court has said that the rule prescribed is not objectionable even though it may appear to be arbitrary.

"* * * [I]n apportioning special assessments, the rule prescribed or adopted is not objectionable, though arbitrary, if it appears that by the method prescribed or followed the special benefits accruing to the property by reason of the improvements for which it is assessed will secure an assessment in proportion to the benefits as nearly as practicable. *City of Pueblo v. Robinson,* 12 Colo. 593, 21 Pac. 899. In assessments of this character, absolute equality is not to be expected. A reasonable approximation is all that can be required, and when the proper body prescribes in good faith a method by which this end may be attained with reasonable certainty, it should not be disturbed. * * *" *City of Denver v. Dumars, supra.*

The burden of proof was upon the objectors to the assessments to affirmatively show that the result of the apportionment was not according to the benefits. *City of Denver v. Kennedy, supra.* As the trial court observed, the appellant offered no evidence to the council as to increases or decreases in the land value of its property by reason of the special improvements. It merely offered "bald conclusions" suggesting a lack of special benefit. The presumption of

validity of the special assessment was not overcome by such conclusory arguments. *City of Denver v. Kennedy, supra.*

Finally, the record contains affirmative evidence that by reason of the improvements all the properties have benefitted "materially and substantially in the market place" and that none of the properties was assessed in an amount greater than the benefit received.

We agree with the trial court, which found that the record revealed that council exercised reasonable diligence and care in procuring evidence, afforded appellant a full and fair opportunity to be heard, and gave candid and honest consideration to the evidence before it. In short, the record does not demonstrate an abuse of discretion by the city council in levying the assessment against appellant's property.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES do not participate.