BOARD OF EDUCATION — DISCIPLINARY HEARINGS Under 25 O.S. 201 [25-201] (1971), a board of education may not discuss student disciplinary matters or conduct student disciplinary hearings, other than the deliberation stage, in executive session. The vote of the board of education must be made in public pursuant to the provisions of said Section 25 O.S. 201 [25-201]. The Attorney General has considered your request for a reconsideration of Opinion of the Attorney General No. 74-113 which, in effect, considered the following question: May a board of education discuss student disciplinary matters or conduct student disciplinary hearings in executive session? We are advised that reconsideration of this question is requested by reason of the recent decision of the Supreme Court of Oklahoma in Stillwater Savings Loan Ass'n. v. Oklahoma Sav. L. Bd., Okl., 534 P.2d 9 which held that the open meeting law (25 O.S. 201 [25-201] (1971)) does not apply to the Oklahoma Savings and Loan Board when it acts in a quasi judicial manner in individual proceedings such as upon an application for a branch office. Title 25 O.S. 201 [25-201] (1971) provides as follows: "All meetings of the governing bodies of all municipalities located within the State of Oklahoma, boards of county commissioners of the counties in the State of Oklahoma, boards of public and higher education in the State of Oklahoma and all other boards, bureaus, commissions, agencies, trusteeships or authorities in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public properties, must be public meetings, and in all such meetings the vote of each member must be publicly cast and recorded. "Executive sessions will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any public officer or employee; provided, however, that any vote or action thereon must be taken in public meeting with the vote of each member publicly cast and recorded. "Any action taken in violation of the above provisions shall be invalid. "Any member of the Legislature appointed as a member of a committee of either branch of the Legislature or joint committee thereof or a committee of the State Legislative Council shall be permitted to attend any executive session of any state agency, board or commission authorized by this act whenever the jurisdiction of such committee includes the actions of the public body involved." Our previous opinion answered your question in the negative and relied upon a recent opinion of the Florida Supreme Court in Canney v. Board of Public Instruction of Alachua County, Fla., 278 So.2d 260 (1973) which held that even though a school board was acting in a " quasi judicial " capacity in deliberating and reaching a decision in a student disciplinary hearing, the open meeting statute prohibited such action from being taken in private. The Oklahoma Supreme Court has, however, in Stillwater Savings L., supra, apparently adopted the reasoning of the dissent in Canney wherein due process was viewed as requiring free deliberation among the members of an administrative body performing a quasi judicial function and: "An exchange of ideas and an open discussion of differing views to the end that a fair and just result may be reached by the body based upon the evidence and arguments at the hearing." As to the question of what elements are present when an agency performs a quasi judicial function, the Supreme Court of Colorado in City of Englewood v. Daly, Colo., 407 P.2d 325, stated: "The most common test is to determine whether the function under consideration involves the exercise of discretion and requires notice and hearing. If these elements are present, the 'finding' is generally a quasi judicial act; if any of them are absent it is generally an administrative act." In State v. Bd. of County Com'rs. of Creek County, Okl., 107 P.2d 542, the term "quasi-judicial power" was defined as: "One imposed upon an officer or a board involving the exercise of discretion, judicial in nature, in connection with and as incidental to the administration of matters assigned or entrusted to such officer or board." Under the above authorities, we view the discussion of disciplinary matters unrelated to a hearing or the conduct of a student disciplinary hearing except for the deliberation stage as within the scope of the open meeting statute. However, under the Stillwater Savings L. decision we view the deliberation stage of a student disciplinary hearing as a quasi judicial function which may be conducted in executive session. As to whether the actual vote must be made in public, the Stillwater Savings L. decision held that by reason of the specific provision of the Administrative Procedures Act which permits notice of the decision to be mailed to the parties, the actual decision need not be reached in open session. Local boards of education, however, are expressly exempted from the Administrative Procedures Act by 75 O.S. 324 [75-324] (1971). The vote of the school board should, therefore, be viewed as subject to the requirements of the open meeting statute. It is, therefore, the opinion of the Attorney General that your question be answered as follows: Under 25 O.S. 201 [25-201] (1971), a board of education may not discuss student disciplinary matters or conduct student disciplinary hearings, other than the deliberation stage, in executive session. The vote of the board of education must be made in public pursuant to the provisions of said Section 201. (Joe C. Lockhart)