Hutton *v.* Drebilbis.

Judgment affirmed.

*L. Clark,* for plaintiff in error.

*T. S. Wilson, T. Davis* and *F. E. Bissell,* for defendant.

———•◦•———

## Hutton *v.* Drebilbis.

The district court has concurrent jurisdiction with justices of the peace in actions of replevin, when the property claimed is worth less than fifty dollars; so in all other actions.

### *Error to Jones District Court.*

*Opinion by* Kinney, J.   Hutton sued Drebilbis in replevin in the district court of Jones county, to recover a certain bay mare valued in the writ and declaration at fifty dollars, but appraised at only forty dollars. The defendant filed a plea to the jurisdiction of the court, alleging the property to be only worth forty dollars, which he was ready to verify. Wherefore he prayed judgment, as the court could not take cognizance of the action. To this plea the plaintiff demurred, in which the defendant joined. The demurrer was sustained and the plea adjudged good; and the plaintiff failing to plead further, a judgment was rendered against him for costs, to reverse which he sued out a writ of error, and assigns for error the decision of the court, that it had no jurisdiction in an action of replevin, where the property claimed was not worth more than fifty dollars.

It was contended in the argument by the plaintiff in error that the district courts under the constitution have concurrent jurisdiction with justices of the peace in all sums; but the defendant claims that the jurisdiction of a justice is exclusive where the amount claimed is under fifty dollars.

By the *Rev. Stat.* p. 313, §§ 28, and 29, it is provided that justices of the peace are authorized and empowered to hold courts for the trial of all actions in debt, covenant, assumpsit, and other actions founded on contract where the debt or balance due or damages claimed shall not exceed fifty dollars. The replevin act gives justices of the peace the right to try actions of replevin where the value of the property claimed shall not exceed the value of fifty dollars. *Rev. Stat.* p. 337, § 1.

The constitution provides that the district court shall be a court of law and equity, and have jurisdiction in all civil and criminal matters in their respective districts in such manner as shall be prescribed by law. Art. 6, § 4.

This clause in the constitution confers upon the district court jurisdiction *in all civil* and criminal matters in their respective districts; the manner of exercising that jurisdiction or power, is to be prescribed by law. We do not understand by this article that the legislature have the right to limit or restrict the jurisdiction thus conferred upon the district courts by the constitution, but merely to define and regulate the manner in which that jurisdiction shall be employed. The jurisdiction is unlimited as to amount, and extends *to all civil* and criminal matters. There is no amount so large as to be beyond the jurisdictional power of the district courts nor none so small as to fall beneath it. Justices of the peace then have not and cannot have *exclusive jurisdiction* to the extent limited by the constitution. So far as their jurisdiction extends, it is concurrent with that of the district courts. If their jurisdiction is exclusive in all sums up to fifty dollars, we do not know why it should not be up to one hundred, as the constitution confers upon justices of the peace jurisdiction to that amount.

But from the constitution it is evident that the jurisdiction to the extent limited to justices of the peace, may be exercised concurrently by both courts, and not exclusively by either.

. The fundamental law of the state has fixed the jurisdiction of the district courts and it is not within the power of the legislature to change or modify it. Much less can that jurisdiction be restricted by a statute in force anterior to the adoption of the constitution and when by express provision in the constitution only those laws which were not repugnant to it were continued in force. The judgment of the district court is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed.

*P. & J. M. Smith*, for plaintiff in error.

*Davis & Bissell*, for defendant.