THE INCORPORATED TOWN OF HANCOCK, Appellee, v. JOHN McCARTHY and MIKE CONNERS, Appellants.

**Municipal corporations:** ORDINANCES: SIGNATURE OF MAYOR. It is not necessary to the validity of an ordinance that the original draft of the ordinance be presented to and signed by the mayor; but where it appears that the original draft was properly passed by the council and afterward copied into what is known as an ordinance book, and therein signed by the mayor and recorder within the proper time, and all other formalities as to notice and certification were complied with, his signature thus attached to the ordinance as recorded was a sufficient compliance with the law requiring ordinances to be signed by the mayor.

*Appeal from Pottawattamie District Court at Avoca.*—
HON. W. R. GREEN, Judge.

FRIDAY, DECEMBER 17, 1909.

DEFENDANTS were convicted of the violation of a town ordinance, and they appeal.—*Affirmed.*

*Turner & Cullison,* for appellants.

*John Fletcher,* for appellee.

DEEMER, J.—Defendants were accused of violating an ordinance of the defendant town, providing a punishment for being found in a state of intoxication. They

were tried to a jury and·found guilty. Thereupon they moved to set aside the verdict, and for an order discharging them from custody, for the reason that the ordinance under which they were prosecuted was never legally adopted. This motion was overruled, and judgment was rendered upon the verdict. They appeal.

The sole question presented is the validity of the ordinance which it is claimed defendants violated. It is said that this ordinance was never signed by the mayor, as provided in sections 685 and 686 of the Code. These sections, insofar as material, read as follows:

Sec. 685. The mayor shall sign every ordinance or resolution passed by the council before the same shall be in force, and, if he refuses to sign any such ordinance or resolution, he shall call a meeting of the council within fourteen days thereafter, and return the same, with his reasons therefor. If he fails to call the meeting within the time fixed above, or fails to return the ordinance or resolution, with his reasons, as herein·required, such ordinance or resolution shall become operative without such signature, and the clerk shall record it in the ordinance book, with a minute of the facts making it operative. Upon the return of any such ordinance or resolution by the mayor to the council, it may pass the same over his objections, upon a call of the yeas and nays, by not less than a two-thirds vote of the council,· and the clerk shall certify on said ordinance or resolution that the same was passed by a two-thirds vote of the council, and sign it officially as clerk.

Sec. 686. All ordinances shall, as soon as may be after their passage, ·be recorded in a book kept for that purpose, and be authenticated by the signature of the presiding officer of the council and the clerk. . . . Immediately following the record of every ordinance, the clerk shall append a certificate, stating therein the time and manner of publication thereof, which certificate shall be presumptive evidence of the facts therein stated.

The facts, as shown by the record, are that plaintiff's

town council undertook the revision of its ordinances, and the ordinance in question is found among these revised ordinances in a book in which the same was recorded. The original drafts of these ordinances were presented to, read in the presence of, and voted upon by, the town council, and they were afterward copied into what is known as the ordinance book. The original draft as adopted by the council was not signed by the mayor, and the paper was never formally presented to him for signature. The ordinance was copied into the book immediately after it had been passed by the council, and both the mayor and the recorder signed the same as it appeared in this book. Notices of the ordinance, signed by both mayor and recorder, were posted as required by law. After the ordinance was recorded and signed by both mayor and recorder, the recorder also appended his certificate thereto. The signature of the mayor to the ordinance as recorded was within proper time, and the sole question in this case is: Is the ordinance invalid because the mayor did not sign the original draft which was presented to and acted upon by the council? In other words, is his signature to the ordinance as it appears in the ordinance book a sufficient compliance with the law?

The requirement that the mayor shall sign all ordinances or resolutions of the city council, or, in the event of his failure to do so, that he follow the requirements of section 685 of the Code, *supra,* is mandatory. *Moore v. City of Perry,* 119 Iowa, 427. The reason for this is that, as the mayor is given the veto power, he has a duty in the premises which it is his duty to perform, and which he can not shirk. The electors have the right to his judgment regarding the expediency of the proposed action of the council, and he must follow the requirements of the statute heretofore set out. From a careful reading of the statute it will be observed, however, that an ordinance may become valid without the signature of the mayor. If he

refuses to sign the ordinance, or fails to call a meeting within fourteen days after the passage of the ordinance, or fails to return the ordinance with his reasons, etc., such ordinance shall be operative without his signature, and the clerk shall record it in the ordinance book, with a minute of the facts making it operative.

Section 687 of the Code reads as follows: "When any city or town shall cause or has heretofore caused its ordinances to be published in book or pamphlet form, such book or pamphlet shall be received as evidence of the passage and legal publication of such ordinances, as of the dates mentioned or provided for therein, in all courts and places, without further proof. When the ordinances are so published, it shall not be necessary to publish them in the manner provided for in the preceding section." Now, the nature of the recorder's attestation of the ordinance as it appears in the ordinance book does not appear. The ordinance itself is printed in a paper book entitled "Ordinances of the Town of Hancock, Iowa." The ordinances so appearing must be presumed to have been legally passed; but, even were this not so, there is nothing in the case to indicate that there was any necessity for the mayor's signature to give the ordinance validity. It might be effective in the absence of the mayor's signature, and it will be presumed, in the absence of a showing to the contrary, that the ordinance book in which the ordinance was recorded was properly authenticated. The only testimony upon this point from the recorder is that he transcribed the ordinance into the ordinance book, that both he and the mayor signed it, and that he signed the certificate following the ordinance. What this certificate is, is not shown. Presuming, as we must, that each official did his duty, except where the contrary is shown, we must assume that, as the mayor signed the ordinance book, he was the presiding officer at the meeting which passed the ordinance; that he did not sign the paper ordinance, and did not call a meeting within

the fourteen days.   As he did not do so, the ordinance became effective without his signature, and it was the duty of the recorder to copy it into the ordinance book, and to minute the facts making it operative.   It then became the duty of the presiding officer and of the clerk to sign the ordinance as recorded.   Now, there is no showing here that the clerk did not make a minute of the facts making the ordinance operative, and no showing as to what the clerk's certificate contained.   As an ordinance may become operative without the mayor's signature, it is not enough to defeat it to show that the mayor did not sign it.   Presuming, as we must, that the mayor was the presiding officer at the meeting which passed the ordinance, by reason of the fact that he signed the ordinance as recorded, he had full opportunity, and it was his duty, to veto it if he thought it should not be passed.   There was no necessity for a formal presentation of the paper to him.   It is enough that he was present when the ordinance was passed, and that he did not return the same with reasons for his refusal to sign.   The case, in this respect, differs very materially from *Moore v. City, supra.*   There the mayor never had an opportunity to approve or disapprove the ordinance or resolution, and, so far as shown, never knew that the ordinance there in question had been passed.   The testimony, is not sufficient to overcome the presumptions arising from the facts disclosed by the record.   Even were we to disregard the presumptions attending the doings of public officials, we should arrive at the same ultimate conclusion.   The mayor, by signing the ordinance as it appeared in the ordinance book, sufficiently indicated his approval thereof under the circumstances disclosed by the record before us, although he did not sign the paper ordinance which was voted upon by the town council.   His signature, under the facts disclosed, was not simply to attest the recorded ordinance, but, made at the time and under the circumstances shown, amounted to an approval

of the ordinance as passed. The form of the approval is immaterial, provided the intent is clearly manifest.

In *Woodruff v. Steward,* 63 Ala. 206, where the ordinance had been copied at length into the minutes, and these minutes were signed by the mayor, it was held that this was a sufficient compliance with a statutory requirement that the mayor sign all ordinances. We are not to be understood as holding that the signing of ordinances by a mayor as they appear in the ordinance book is the equivalent in all cases of an "approval" by the mayor as that term is used in section 685 of the Code. Generally speaking the authentication required by section 686 of the Code is quite a different thing from the signing referred to in section 685. The former is directory only, and the latter, where essential, is mandatory. But the authentication may be made in such a manner, and at such a time, as to amount to a compliance with section 685, if that be the manifest intent. It must not be forgotten that section 685, as it now reads, does not require the signature of the mayor in order to make an ordinance effective. It becomes so by lapse of time even without his signature. In this respect the case differs from *Altman v. City,* 111 Iowa, 105. Under the law as it stood when that case was before us the mayor was required to either sign or veto. The present law makes no such provision. A mayor may now either approve or disapprove, or he may allow an ordinance to become effective without doing either. If he remains silent for more than fourteen days, the ordinance becomes effective *ipso facto.* The case also differs essentially from *Moore v. City, supra,* as an examination will disclose.

The trial court correctly overruled defendants' motion, and its judgment must be, and it is, *affirmed.*