OMER B. FULLER, JR., appellant, v. INCORPORATED TOWN OF ROLFE, appellee,
and
FLORENCE FULLER WHITE et al., appellants, v. INCORPORATED TOWN OF ROLFE, appellee (seven cases consolidated).

No. 49289.

(Reported in 86 N.W.2d 249)

NOVEMBER 12, 1957.

Omer B. Fuller, of Rolfe, for appellants.

F. C. Gilchrist, Jr., of Laurens, for appellee.

LARSON, J.—The only question presented by this appeal is whether the notice of appeal was served at such time as would give the court jurisdiction to hear an appeal from a special

assessment levy by the town of Rolfe, Iowa. The trial court held it was not, and we agree.

Identical motions in each of the seven listed cases were filed and sustained, and they were consolidated for trial.

The facts were not in dispute. Pursuant to proper proceedings the town council of Rolfe met on November 7, 1956, and passed unanimously a resolution rejecting objections and approving a special assessment levy upon certain benefited property in the town, including plaintiff's property. The mayor of Rolfe, though present, did not sign the resolution, although he did declare it duly adopted by the council. Later when he was asked to sign the resolution he said to the clerk he "didn't believe he was ready to sign it yet." No further references were made to the matter and, when fourteen days had expired, the clerk made an indorsement on the resolution on November 23, 1956, to the effect that the mayor had refused to sign it and that it became effective under the provisions of section 366.5, Code of Iowa, 1954.

On November 20, 1956, the plaintiff's notice of appeal was served and service was duly acknowledged by the town clerk. The notice stated plaintiff appealed "from the assessment levied on November 7th, 1956, by the Town Council * * * against his properties * * * for a public improvement" and stated the matter would come before the district court in Pocahontas, Iowa, on February 4, 1957.

The town of Rolfe filed its motion to dismiss, which was sustained by the court for the reason that the action commenced was premature due to the fact that the resolution or levy did not become effective until the expiration of the statutory fourteen-day period.

■ I. The right to appeal in matters of this kind is purely statutory. There is no inherent or constitutional right of appeal. The legislature has the power to grant or deny it. Thus, if an appeal is taken, notices thereof must be given in substantial compliance with the statutory provisions. State ex rel. McPherson v. Rakey, 236 Iowa 876, 878, 20 N.W.2d 43, 44, and citations; Bales v. Iowa State Highway Comm., 249 Iowa 57, 86 N.W.2d 244, and citations; Woodard v. Iowa City, 212 Iowa 326, 329, 232 N.W. 806.

The statute prescribing the right of appeal to the district court from the town council's assessment or levy, section 391.88, Code of 1954, provides: "Any person affected *by the levy* of any special assessment for street improvements or sewers may appeal therefrom to the district court. * * *." (Emphasis supplied.)

Section 391.89, Code of 1954, provides: "Said appeal must be perfected: 1. By serving upon the mayor or clerk, in the manner in which original notices in ordinary actions are served, within fifteen days *from the date of said levy,* a written notice of appeal * * *." (Emphasis supplied.)

It is defendant's contention the levy did not become effective until after November 22 or from the date of said levy as indicated by the indorsement of the clerk heretofore referred to on November 23, 1956. Plaintiff, on the other hand, claims the levy was complete on November 7, 1956, and that the service of the notice on the 20th was a mere irregularity which would not avoid the jurisdiction of the district court to hear and decide the case.

■ II. Jurisdiction in the district court to hear a case obviously could not be obtained prior to the establishment of a cause of action. Therefore, until the levy was effective no cause of action accrued. The effective date must be determined under the facts related.

Section 366.5, Code of 1954, provides: "The mayor shall sign every ordinance or resolution passed by the council *before the same shall be in force,* and, if he refuses to sign any such ordinance or resolution, he shall call a meeting of the council within fourteen days thereafter and return the same, with his reasons therefor. If he fails to call the meeting within the time fixed above, or fails to return the ordinance or resolution with his reasons as herein required, such ordinance or resolution *shall become operative* without such signature, and the clerk shall record it in the ordinance book, with a minute of the facts making it operative. * * *."

■ It is difficult to see how the language used could be construed in any other way than to require the signature of the mayor to make the resolution operative or effective, and to give him fourteen days to decide whether or not he has objections.

Should he object, the resolution may be changed by further council action or it may be passed over his objections, as further set forth in section 366.5. If he does not sign after due notice of the contents, the mayor is not permitted to hold up the proposed levy beyond fourteen days, and so in lieu of his active signature this failure of action satisfies the legislative mandate and the levy *then* becomes operative. We have said it "becomes effective ipso facto." Messer v. Marsh, 191 Iowa 1144, 1149, 183 N.W. 602, 604. This is the clearly-expressed legislative intent.

In this connection we have held that unless the mayor was aware of the passed resolution, even the lapse of fourteen days would not give validity to the ordinance or resolution. Moore v. City Council of Perry, 119 Iowa 423, 93 N.W. 510; Incorporated Town of Hancock v. McCarthy, 145 Iowa 51, 123 N.W. 766; Rafferty v. Town Council of Clermont, 180 Iowa 1391, 164 N.W. 199; Messer v. Marsh, supra.

In the matter before us the mayor was fully aware of the passage of the resolution and did not sign as required by the statute. Thus when the action or appeal was commenced there was no effective levy. Only upon the happening of certain events in the future could the resolution become operative so as to give plaintiff cause to complain. The fact that it did happen later could not correct the defect. The notice was therefore premature.

Plaintiff relies upon two cases, Tanzilli v. Casassa, 324 Mass. 113, 85 N.E.2d 220, and Levert v. Read, 54 Ala. 529. They do not appear to be authority for his proposition in view of the fact that in those cases the involved rights were previously established, and only certain subsequent administrative acts were defective; also the decisions were predicated upon an administrative failure to perform a duty relating to an existing right or cause of action. An administrative officer's duty to perform exactly as required by statute is quite different in its effect from the failure of delegated authority to so establish the cause itself. Here the statutory authority of the mayor is much more than administrative. It requires his signature of approval, his consideration without action for fourteen days after council action, or his rejection within the fourteen days which would require further council

action before the proposed ordinance or resolution became binding upon anyone, or before the right of appeal could accrue thereunder. In the Massachusetts and Alabama cases, rights were in existence when the irregularities complained of occurred. In the former, only the filing of the board action by a clerk was prescribed. In the latter case the claim was valid, but the filing, in order to obtain consideration, was prior to date of insolvency, which was the prescribed date from which a period of limitation was provided. Those irregularities were not held fatal to plaintiff's existing rights or cause, and while we have similarly held and may agree, such decisions are not applicable to the situation at bar where the very right involved did not accrue until two or three days after the service of notice of appeal upon the clerk. State ex rel. Warrington v. Community School Dist. of St. Ansgar, 247 Iowa 1167, 78 N.W.2d 86, and cited cases; Wall v. County Board of Education, 249 Iowa 209, 86 N.W.2d 231.

We conclude the district judge was correct in holding there was no jurisdiction in the court to hear the appeal. No rights of plaintiff were invaded, and nothing could be determined by an appeal prior to the effective date of the levy as by statute provided.—Affirmed.

All JUSTICES concur.