**FORD MOTOR COMPANY,**
Petitioner-Appellant,

v.

**IOWA DEPARTMENT OF TRANSPORTATION REGULATIONS BOARD,**
Respondent-Appellee,

**Bob Zimmerman Ford, Inc.,**
Intervenor-Appellee.

No. 62630.

Supreme Court of Iowa.

Aug. 29, 1979.

Robert F. Holz, Jr. and Edwin N. McIntosh, Des Moines, for appellant.

T. Scott Bannister and Martha Martell, Des Moines, for respondent-appellee.

Joseph E. Day of Hines, Pence, Day & Powers, Cedar Rapids, and W. Don Brittin, Jr., of Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, for intervenor-appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McCORMICK, and LARSON, JJ.

HARRIS, Justice.

This appeal turns on whether a petition for judicial review of an administrative action was timely. The trial court held the petition was not timely and that the tardiness was fatal to its jurisdiction. We agree.

Ford Motor Company filed an application with the transportation regulation board of the Iowa department of transportation, pursuant to section 322A.6, The Code 1975, seeking to enter into a franchise agreement for a new Ford dealership in Cedar Rapids. The application was resisted by various intervening Ford dealers located in the area, including Bob Zimmerman Ford, Inc. Following a hearing the department denied Ford's application.

Ford filed an application for rehearing, pursuant to section 17A.16(2), The Code 1977 (Iowa Administrative Procedure Act). The department denied Ford's motion for rehearing. Ford thereafter petitioned for judicial review of the department's decision, pursuant to section 17A.19, The Code 1977. Bob Zimmerman Ford moved to dismiss the petition as untimely. This appeal is from a trial court ruling sustaining Zimmerman's motion to dismiss.

I. The question calls for interpretation of the following provisions from the administrative procedure act:

Any party may file an application for rehearing, stating the specific grounds therefor and the relief sought, within twenty days after the issuance of any final decision by the agency in a contested case. A copy of such application shall be timely mailed by the applicant to all parties of record not joining therein. *Such an application for rehearing shall be deemed to have been denied unless the agency grants the application within twenty days after its filing.*

§ 17A.16(2) (emphasis added).

If a party files an application under section 17A.16, subsection 2, for rehearing

with the agency, the petition for judicial review must be filed within thirty days after that application has been denied *or deemed denied.*

§ 17A.19(3) (emphasis added).

Ford's difficulty stems from the fact that its application for rehearing was "deemed denied" under section 17A.16(2) before the agency's written denial was filed. But Ford ignored the "deemed denied" provision of the statute and paced its subsequent filing timetable from the date the written denial was filed. The dates were as follows: Ford's application for rehearing (under section 17A.16(2)) was filed March 22, 1978. By operation of the statute this application was deemed denied April 11, 1978, when it had not been ruled upon by the agency. Nevertheless, the agency filed a written denial of the application April 14, 1978. Under section 17A.19(3) Ford had 30 days in which to petition for judicial review. The statute states that the 30-day period begins to run when the application before the agency "has been denied or deemed denied."

Because the application before the agency was deemed denied April 11, the application for judicial review was due May 11, 1978. The trial court dismissed the proceeding because it was not filed until May 12, 1978.

II. In *Kerr v. Iowa Public Service Co.,* 274 N.W.2d 283, 287 (Iowa 1979), we pointed out:

> Judicial review of the administrative proceedings is a right conferred by statute. [Authorities.]
>
> We have said that where a right of judicial review is statutory, the procedure prescribed, by the statute must be followed. [Authority.] . . . [F]ailure to satisfy requirements of § 17A.19 [is] a jurisdictional defect . . . .

See *Richards v. Iowa State Commerce Commission,* 270 N.W.2d 616, 619 (Iowa 1978); *Iowa Public Service Company v. Iowa State Commerce Commission,* 263 N.W.2d 766, 770 (Iowa 1978).

Ford argues that some administrative agencies might, for various reasons, meet irregularly. Under the trial court's interpretation of section 17A.19(3)—which we adopt—inability to meet within the statutory period would rob the agency of its jurisdiction to act on an application to review its own decision. Ford assails this interpretation as at once harsh and absurd.

We conceded that the operation of the statute might seem harsh, especially where, as here, a party might have been misled by the nullity of a later filing. Nevertheless, we believe that the statutory scheme is neither absurd nor unfair. Parties to the proceedings have a need for and a right to a prompt disposition of a dispute. We are confident that the legislature was fully aware that administrative agencies might meet irregularly. Hence, in the interests of a prompt disposition of disputes, the legislature superimposed an automatic denial of any application not ruled upon within the prescribed period.

Regrettable hardships may well result to litigants who are unaware of the "deemed denied" provision of the statute. But it is in the over-all interests of litigants and the public at large that administrative proceedings move to a prompt conclusion. The legislature obviously had the broader public interest in mind in adopting the statute.

The trial court was right in determining that Ford's petition for judicial review was untimely.

AFFIRMED.