Leo TOMBERGS and Marie Tombergs, Husband and Wife, and Eldridge Cooperative Company, an Iowa Corporation, Appellants,

v.

CITY OF ELDRIDGE, Iowa, Appellee.

No. 87–1729.

Supreme Court of Iowa.

Dec. 21, 1988.

As Corrected Dec. 28, 1988.

John T. Flynn of Brubaker, Flynn & Darland, P.C., Davenport, for appellants.

Patricia Rhodes Cepican of McDonald, Stonebraker & Cepican, P.C., Davenport, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN and SNELL, JJ.

NEUMAN, Justice.

This case involves the scope of the district court's authority to consider special assessment appeals under the procedure authorized by Iowa Code section 384.66(2) (1987).[1] The question is one of timing: When may an aggrieved party first appeal an assessment? Here the district court dismissed plaintiffs' appeal on defendant's motion for summary judgment, concluding that the appeal was filed prematurely and thus deprived the court of subject matter jurisdiction. We believe, however, that resolution of the controversy turns not on subject matter jurisdiction but on whether, when filed, plaintiffs' petition stated a claim upon which relief could be granted. Because that matter was not timely raised by defendant, we reverse and remand for further proceedings on the merits.

1. Unless otherwise noted, all statutory references pertain to the 1987 Code of Iowa.

I. On January 26, 1987, defendant City of Eldridge adopted a resolution of necessity concerning a municipal street improvement project. The city council approved preliminary assessment schedules which assessed a portion of the cost to plaintiffs Leo and Marie Tombergs and the Eldridge Cooperative Company. The contracts were awarded and construction began.

On June 24, 1987, plaintiffs filed their petition appealing the amounts of their special assessments. The city appeared and filed a general denial on July 22.

Construction was completed in early August. On August 24, 1987, the city council passed a resolution adopting the final assessment schedule, levying the assessments and directing that notice to assessed property owners be given by September 9, 1987.

On October 15, 1987, the city filed a motion for summary judgment in the pending appeal. It claimed to be entitled to judgment as a matter of law because (1) plaintiffs' appeal was brought prior to adoption and filing of the final assessment plat and schedule, that is, before any cause of action had accrued to plaintiffs; and (2) the time for properly appealing the special assessment had since expired. The district court sustained the motion and dismissed the appeal, reasoning that until an assessment is levied no appealable issue appears and "[a]s a result, this court has no subject matter jurisdiction in this case." It is from this ruling that plaintiffs have appealed.

II. Division IV of Iowa Code chapter 384 governs the procedure for specially assessing municipal property owners for public improvements. As a review of the legislative scheme reveals, it is a lengthy process. It begins with arrangements for engineering services to prepare the necessary plans and specifications relating to plats, schedules, and estimated cost. Iowa Code § 384.42(1). Members of the city council must then adopt a preliminary resolution meeting the criteria of section 384.-42(2) (describing improvement, its beginning and termination points, estimated costs, and property believed to be specially benefited). Upon completion of the proposed plat of the improvement district, the council determines the lot valuations, § 384.46, adopts the plat as amended, § 384.48, and causes to be prepared a proposed resolution of necessity for the improvement. Iowa Code § 384.49. Following notice to affected property owners, § 384.50, the city council meets to consider objections, if any, to the proposal. Iowa Code § 384.51.

The council's determination about the expediency and propriety of the improvement is conclusive. *Id.; see also City of Clive v. Iowa Concrete Block & Material Co.,* 298 N.W.2d 585, 590 (Iowa 1980). Once that decision is made, construction contracts are awarded, §§ 384.52, .53, and the work proceeds to completion. Upon accepting the work, the council ascertains the total cost and by resolution determines the proportion of that cost to be assessed against private property within the assessment district. Iowa Code § 384.58(2). Within thirty days the engineer must prepare and file an assessment schedule showing the valuation of lots as fixed by the council. Iowa Code § 384.59. Ten days after this filing, the council adopts by resolution the final assessment schedule for purposes of confirming and levying the assessments. Iowa Code § 384.60.

At issue in this appeal is section 384.66(2) which provides, in pertinent part, that the owners of property specially assessed:

may appeal from the amount of the assessment, *at any stage of the special assessment procedure up to twenty days after the final publication of notice of filing of the final assessment schedule,* by petition to the district court....

(Emphasis added.) The controversy centers on the meaning of "at any stage of the special assessment procedure." As can be seen from our brief review of the statutory scheme, there are many stages to the process. The question before us is which one triggers the right to appeal.

In reliance on *Fuller v. Incorporated Town of Rolfe,* 249 Iowa 80, 86 N.W.2d 249 (1957), the city persuaded the district court that "at any stage" meant at any stage *after the assessment is levied.* The argu-

ment stems from our observation in *Fuller* that until the levy was effective no cause of action accrued and thus the appeal was subject to dismissal. 249 Iowa at 83, 86 N.W.2d at 250. *Fuller*, however, involved a predecessor assessment statute furnishing us with a much clearer appellate timetable. The statute then in force, Iowa Code § 391.88 (1954), provided that "[a]ny person affected *by the levy* of any special assessment for street improvements ... may appeal therefrom to the district court." (Emphasis added.) The appeal was perfected by serving the city mayor or clerk "within fifteen days from the date of said levy" a written notice of appeal. Iowa Code § 391.89 (1954). Under such a legislative scheme, it was the act of levying on the assessment which gave rise to the appeal and the date of that levy which signaled the commencement of the appellate time period.

This narrowly defined timetable was repealed with the adoption of the Home Rule Act in 1972. *See Slater v. Incorporated Town of Adel*, 324 N.W.2d 482, 485–86 (Iowa 1982) (chronicling legislative history of the consolidation of statutes pertaining to special assessments). In its place, we are confronted with a statute that plainly broadens an aggrieved property owner's appellate rights, both in scope and duration. We may question the wisdom of legislation that so loosely grants a right of appeal "at any stage of the special assessment procedure," but our mission is not to rewrite the statute. Courts are bound to look at what the legislature has said, rather than what it should or might have said. *See* Iowa R.App.P. 14(f)(13); *DeMore v. Dieters*, 334 N.W.2d 734, 737 (Iowa 1983). Taking the statute at face value, we hold that an appeal under Iowa Code section 384.66(2) may be lawfully filed at any stage of the assessment proceedings up to twenty days after final publication of notice of filing of the final assessment schedule.

■ III. Given this extended period of appeal, we must still address the city's contention that until the city council adopted a final assessment schedule in accordance with section 384.60, the only amount calculated was the *estimated* total cost of the improvement which could be charged against the property. Thus the harm claimed at the time plaintiffs filed their petition was not precisely fixed and the district court would have been constrained, as in *Fuller*, from granting the relief requested.

Unlike the municipality in *Fuller* however, the City of Eldridge did not raise plaintiffs' alleged failure to state a claim upon which relief could be granted by way of a motion to dismiss. Such a motion, of course, must be filed before answer. Iowa R.Civ.P. 104(b); *Johnston v. Percy Constr., Inc.*, 258 N.W.2d 366, 370 (Iowa 1977). Here, the city waited to raise the issue until four months after answer and fifteen days after plaintiffs' right to appeal clearly expired under the statute. It then justified its delay as an attack on the subject matter jurisdiction of the court, a defect we have repeatedly said "may be raised at any time." *See Troester v. Sisters of Mercy Health Corp.*, 328 N.W.2d 308, 311 (Iowa 1982). The question thus becomes whether the district court properly sustained this belated "jurisdictional" challenge. We think not.

Subject matter jurisdiction ordinarily means the authority of a court to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention. *Wederath v. Brant*, 287 N.W.2d 591, 594 (Iowa 1980). As courts of general jurisdiction, Iowa district courts are empowered by the constitution to hear all cases in law, equity, or special proceedings. *See In re Guardianship of Matejski*, 419 N.W.2d 576, 577 (Iowa 1988). While the legislature cannot deprive the courts of this jurisdiction nor even restrict it, the legislature can "'define and regulate the manner in which that jurisdiction shall be employed.'" *Id.* (quoting *Hutton v. Drebilbis*, 2 Greene 593, 594–95 (Iowa 1850)). Consequently, though a district court has jurisdiction over all assessment appeals pursuant to chapter 384.66(2), the legislature can "'give the right to the defendant to appear and have the action dismissed, because it was not brought in the manner provided by statute'" as that right is not part of subject matter jurisdiction. *Matejski*, 419 N.W.2d at 577 (quoting

*Laird Bros. v. Dickerson,* 40 Iowa 665, 670 (1875)). This means that even though a court may have subject matter jurisdiction over a case because it is within the general class of cases a court may hear, the court may be unable to *entertain* the *particular case* for other reasons, such as failure to state a claim, that have no bearing upon jurisdiction over the subject matter. A classic example of this situation occurred in *City of Des Moines v. Des Moines Police Bargaining Unit,* 360 N.W.2d 729, 730 (Iowa 1985), where we stated that although we had subject matter jurisdiction over declaratory judgment actions generally, we could not entertain one where the party seeking declaratory action had not exhausted all administrative remedies; we remanded not because the district court had *no* jurisdiction, but because jurisdiction was not properly invoked in that particular case. *See id.*

Here the district court placed great reliance on our somewhat generic use of the term "jurisdiction" in *Fuller.* As in the present case, the claim in *Fuller* was that the property owners' appeal was filed prematurely. In ruling on the city's motion to dismiss, we treated such a procedural defect as jurisdictional on the theory that the court's authority to hear a case "obviously could not be obtained prior to the establishment of a cause of action." *See Fuller,* 249 Iowa at 83, 86 N.W.2d at 250.

Without disputing the general proposition advanced in *Fuller,* we think the case must be distinguished. As previously noted, the appellate time period fixed by the legislature when *Fuller* was decided hinged on the levy of the assessment. In the present case we are governed by a statute that confers on the district court the authority to hear an appeal from a special assessment "at any stage" of the assessment proceedings "up to twenty days after ... publication of ... the final assessment schedule...."

We think it significant that the city's motion for summary judgment did not attack the power of the district court to hear an assessment appeal but rather its ability to grant relief in this particular case. Though thinly disguised as a jurisdictional challenge, the technical infirmity raised by the city was in fact an untimely motion to dismiss on the pleadings. In fairness, such a mechanism should not have been used to trap the plaintiffs by presuming to defeat the court's jurisdiction just prior to trial. *Cf. Superior/Ideal, Inc. v. Oskaloosa Bd. of Review,* 419 N.W.2d 405, 409–10 (Iowa 1988) (Carter, J., concurring specially); *see also Neylan v. Moser,* 400 N.W.2d 538, 541 (Iowa 1987) (the substance of a motion, not its label, discloses its character for purpose of court's ruling). The matter should have been raised in accordance with rule 104, so that even if the city prevailed, plaintiffs would have had the opportunity to recast or refile their petition to state their claim for damages based on the final assessment.

By the time the city's motion for summary judgment was filed, the final assessment had been made and the appeal could have been heard on the merits. We now reverse the dismissal of plaintiffs' petition and remand to the district court for the hearing to which they are fairly entitled.

REVERSED AND REMANDED.