**Dennis BOEDEKER, Appellee,**

v.

**EMPLOYMENT APPEAL BOARD, Appellant.**

**No. 89–1915.**

Court of Appeals of Iowa.

Sept. 26, 1990.

William C. Whitten, Employment Appeal Bd., for appellant.

Bradley Norton of Norton & Norton, Lowden, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Dennis Boedeker was discharged from his employment with Freeman Fertilizer in July, 1987. His application for unemployment compensation was initially denied by the Department of Employment Services (DES). However, a July 1988 district court decision concluded Boedeker was eligible for unemployment benefits.

While his case was pending before the district court, Boedeker entered a DES Division Approved Training program. Boedeker was not aware he was required to submit claim cards while he attended the program. Because he did not comply with the bi-weekly reporting requirements, DES refused to pay him benefits. On October 19, 1988, the Employment Appeal Board (Board), reviewing the decision of an administrative law judge, affirmed the agency's determination. The Board concluded Boedeker had sufficient notice that he was required to continue submitting claim cards, and his failure to submit claim cards rendered him ineligible for further benefits.

Boedeker mailed an application for rehearing. The Board received a copy of the application, dated November 2, 1988, in January, 1989. On January 23, 1989, the Board issued a decision stating the application was deemed denied on November 22, 1988, by operation of Iowa Code § 17A.16(2) (1987).

Boedeker filed a petition for judicial review on February 10, 1989. The Board filed a motion to dismiss on the ground the petition was not timely filed; the petition was filed more than thirty days after the October 19, 1988, decision and more than thirty days after the application for rehearing was deemed denied. The district court denied the motion to dismiss and ordered the Board to set the matter for rehearing as though Boedeker's application was timely filed.

The Board set the matter for rehearing but again concluded it was without jurisdiction to consider Boedeker's application. Boedeker filed another petition for judicial review and the district court, based on its earlier ruling, again remanded the case to the Board for consideration of the application on the merits.

The Board has appealed. It contends the district court was without authority to hear and determine either of Boedeker's appeals. We agree.

Section 17A.16(2) of the administrative procedure act reads:

Any party may file an application for rehearing, stating the specific grounds therefor and the relief sought, within twenty days after the issuance of any final decision by the agency in a contested case. A copy of such application shall be timely mailed by the presiding agency to all parties of record not joining therein. *Such an application for rehearing shall be deemed to have been denied unless the agency grants the application within twenty days after its filing.*

(Emphasis added).

Section 17A.19(3) provides:

If a party files an application under section 17A.16, subsection 2, for rehearing with the agency, the petition for judicial review must be filed within thirty days after that application has been denied *or deemed denied.*

(Emphasis added).

Boedeker mailed his application for rehearing on November 2, 1988. The application was considered filed when mailed. *See Messina v. Iowa Department of Job Service,* 341 N.W.2d 52, 56–57 (Iowa 1983). This application was deemed denied on November 22, 1988, by operation of section 17A.16(2). *See Ford Motor Co. v. Ia. Dept. of Transp.,* 282 N.W.2d 701, 703 (Iowa 1979). Under section 17A.19(3) Boedeker had 30 days from November 22, 1988, in which to petition for judicial review. The petition was therefore due December 21, 1988, but was not filed until February 10, 1989.

We conclude the district court exceeded its authority by remanding the case to the Board. Because Boedeker failed to timely file a petition for judicial review, the district court lacked authority to review the agency action. *See Sioux City Brick & Tile v. Employment Appeal Board,* 449

N.W.2d 634, 638–39 (Iowa 1989); *Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450 (Iowa 1989).

Regrettable hardships may well result to litigants who are unaware of the "deemed denied" provision of the statute. But it is in the over-all interests of litigants and the public at large that administrative proceedings move to a prompt conclusion. The legislature obviously had the broader public interest in mind in adopting the statute.

*Ford Motor Co.*, 282 N.W.2d at 703.

For the foregoing reasons, the decision of the district court is vacated and the Board's denial of Boedeker's application for rehearing is affirmed.

REVERSED.