John B. HOLDING, Almyra V. Holding, Wanda E. Spainhower, Gary L. Uhlenhopp, Franklin County Historical Society, Dewitt R. Mallory Farms Company, Lee B. Blum, and Bob Butson, Appellants,

v.

FRANKLIN COUNTY ZONING BOARD OF ADJUSTMENT, Appellee,

and

Giese Construction Company, Inc., Kent E. Klopfenstein, Karen A. Klopfenstein, James Heinz, and Jeanine Heinz, Intervenors–Appellees.

No. 96–480.

Supreme Court of Iowa.

June 18, 1997.

Raymond P. Drew of Drew Law Firm, P.C., Hampton, for appellants.

G.A. Cady, III, of Hobson, Cady & Cady, Hampton, for appellees Franklin County Zoning Board of Adjustment, Kent E. Klopfenstein, Karen A. Klopfenstein, James Heinz, and Jeanine Heinz.

Brian L. Yung of Bennett, Crimmins & Yung, Fort Dodge, for appellee Giese Construction Co.

HARRIS, Justice.

The trial court ruled that it lacked subject matter jurisdiction to review a decision of a county zoning board. The holding was based on the timing of the district court challenge, which the court determined to have been brought prematurely. The question is presented on facts that seem almost ludicrous. A statute provides for court review by way of a petition for certiorari within a period set from the board's final action. The statutory scheme for this particular board's operation seems to contemplate that the board's public records can be kept in a private residence, and they were here. Although there was certainly nothing surreptitious about the record keeping in the present case, or any suggestion that the parties could not have inquired into them, the challenged ruling seems to present something of an anomaly. The parties lost a statutory right to challenge administrative action because it was, it turned out, not really final—but only as revealed in records kept in the zoning board's administrator's private residence. We reverse.

I. Before reciting the facts, we point out that the trial court did not lack subject matter jurisdiction in this controversy. For several years we have sought to correct a formerly widespread misimpression that often confused a court's lack of subject matter jurisdiction with a court's lack of authority to act in a particular matter. There is a certain poetic justice in placing this task on us because the confusion can be traced at least in part to some of our own past cases.

We hope the distinction is now clear as it is important: the term subject matter jurisdiction refers to the power of a court to hear and determine the class of cases to which the proceedings in question belong. Where subject matter jurisdiction exists, it does not necessarily follow that a court has authority to act in a specific case included within that general class. We have tried to make this distinction clear in numerous more recent cases. *See, e.g., Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450 (Iowa 1989). Subject matter jurisdiction is not lacking in the present case because the legislature has clearly given Iowa courts the power to act in challenges to decisions of county zoning commissions. At issue is only whether authority to act in this controversy should be withheld because of the claimed premature filing of the court challenge.

II. Giese Construction Company, Inc., Kent E. Klopfenstein, Karen A. Klopfenstein, James Heinz, and Jeanine Heinz (intervenors) filed an application for a conditional use permit to operate a sand and gravel pit on a tract of land in Franklin County. The Franklin County board of adjustment (the board) held a hearing on the application on March 21, 1995. The application was tabled until a June 6, 1995, hearing because of protests from area residents. At the June 6 hearing the board passed a resolution grant-

ing the application but, unknown to the applicants and protestors, it was not "signed" and officially "filed" until July 21, 1995. Even then the papers continued to be stored in the "office" of the zoning administrator at his personal residence.

The plaintiffs filed a petition for writ of certiorari with the district court on July 5, 1995. This was after the final decision of the board was announced at the public hearing on June 6, but before the resolution was officially signed and filed by the board on July 21. The board answered and the permit applicants intervened.

The intervenors and board moved to dismiss. The court noted that the board did not have an office in the courthouse, had not officially designated an office, and that the board delivered the resolution to the zoning administrator at his personal residence, where it was kept on the board's behalf. The court ruled there was no statutory requirement that the board designate an office, and no impediment to its office being located outside a public building. The court then ruled the zoning administrator's personal residence was the board's office. The district court sustained the motion to dismiss.

■■■ The matter is before us on plaintiffs' appeal. Our review is de novo. Iowa R.App. P. 4. Issues of the jurisdiction, authority, and venue of the district court are legal issues reviewed on error. *In re Marriage of Engler*, 532 N.W.2d 747, 748 (Iowa 1995). Issues concerning the interpretation and construction of statutes are questions of law for us to decide. *State v. Erbe*, 519 N.W.2d 812, 813 (Iowa 1994).

III. Iowa Code chapter 335 (1995) governs county zoning and county boards of adjustment. Section 335.10 provides for the appointment of a county board of adjustment by the county board of supervisors. Section 335.12 governs the operations of county boards of adjustment. This section directs the board to adopt rules and provide for meetings, all of which shall be open to the public. The section goes on to specify:

> The board·shall keep minutes of its proceedings, showing the vote of each member upon each question, or if absent or failing to vote, indicating such fact, and *shall keep records* of its examinations and *other official actions, all of which shall be immediately filed in the office of the board and shall be a public record.*

Iowa Code § 335.12 (emphasis added). Code section 335.18 grants an aggrieved party the right to appeal a decision of the board of adjustment to the district court. This section provides:

> Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment under the provisions of this chapter ... may present to the court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. *Such petition shall be presented to the court within thirty days after the filing of the decision in the office of the board.*

Iowa Code § 335.18 (emphasis added).

Because the board's resolutions are public records, Iowa Code chapter 22 (public right to examine public records) is implicated. The purpose of chapter 22 is to obviate "unnecessary secrecy in conducting the public's business." *US West Communications, Inc. v. Office of Consumer Advocate*, 498 N.W.2d 711, 713 (Iowa 1993). Iowa Code section 22.2 grants the public a general right to examine public records.

■■ Like the district court, we find nothing in Code chapter 335 that requires zoning board records to be kept in a public building. This is in contrast to a requirement for board records in an unrelated statute. Iowa Code section 468.173, concerning records of county levy and drainage districts, are specifically required to be kept in the office of the county auditor. *See National Properties Corp. v. Polk County*, 386 N.W.2d 98, 103 (Iowa 1986). The requirement is intended to make the records more accessible for examination. *Id.* But the legislature imposed no similar requirement on zoning board records, and we must assume the omission was deliberate. Although we are considerably less than enthusiastic about the practice of storing public records in a private residence, the wisdom of

the legislation is not a proper judicial consideration.[1]

■ IV. We do think the records' location calls for a liberal approach in assessing the procedural requirements of the chapter. In this light we think it is reasonable to find compliance with the time requirements for asserting the present challenge.

The present case illustrates why the informality surrounding the private possession of public records cries out against a strict interpretation of these timing requirements. It is clear that all parties attending the June 6 board meeting considered the board's action at the time to be the official grant of the application. Those attending, including the plaintiffs, had a right to assume the "filing" would be done immediately as required by statute. Iowa Code § 335.12 (providing a record of the board's official acts "shall be immediately filed in the office of the board"). Finally, it is important that the "flaw" relied on here relates to the beginning—not the end—of the period appropriate for filing.

Under the circumstances we think it is appropriate to interpret the thirty-day time requirement for filing a petition under Iowa Code section 335.18 (within thirty days after filing the decision) as we did in a somewhat analogous statute in *Tombergs v. City of Eldridge*, 433 N.W.2d 731 (Iowa 1988). *Tombergs* involved an appeal from a special city assessment under Iowa Code section 384.66(2), which was also claimed to have been filed prematurely. We rejected the challenge. 433 N.W.2d at 733. The statute in *Tombergs* was, to be sure, vastly broader than the one involved here. *See* Iowa Code § 384.66(2) (providing for filing "at any stage of the special assessment procedure up to twenty days after final publication" of a notice of final assessment). Notwithstanding the more closely circumscribed time period described in Code section 335.18, we think, for the reasons we have explained, it should also be interpreted to allow a challenge to the board's action by filing a petition for certiorari anytime until thirty days after filing of the board's decision.

We emphasize that this interpretation is demanded by the two special circumstances, already mentioned, that are peculiar to the present case. One is the keeping of the public records in a private residence. The other is the ability of the plaintiffs to rely on the board secretary's compliance with the statutory duty to file the board action forthwith. If this had been done, the judicial proceeding in question would have complied with the time requirements for filing. The fact that the immediate filing requirement was violated was not a matter susceptible to public knowledge. Our interpretation should not be taken as precedent except in cases in which both these peculiar circumstances exist.

The judgment of the trial court is therefore reversed and the case remanded to district court for consideration of the plaintiffs' challenge on its merits.

**REVERSED AND REMANDED.**

All justices concur except NEUMAN, J., who concurs specially; TERNUS and LAVORATO, JJ., who dissent; and ANDREASEN, J., who takes no part.

NEUMAN, Justice (concurring specially).

I concur in the result reached by the majority, but for a different reason. Statutes and our procedural rules should be interpreted and applied to sanction parties who are *late* in their filings, not those who are early. Conversely, we should not reward parties who withhold their complaints about the procedural posture of a case until it is too late for the offending party to correct the mistake.

In fairness, the board should have filed a pre-answer motion to dismiss for failure to state a claim upon which relief may be granted under Iowa Rule of Civil Procedure 104(b). *See Tombergs v. City of Eldridge*, 433 N.W.2d 731, 734 (Iowa 1988). That way, even if the board prevailed on the motion, the appellants would not have lost the opportunity to refile their petition at the proper time. Because the board did not alert the appellants to the "trap" that awaited them,

---

1. We point out that the private storage of public records does not alter the statutory mandate that they be available to the public for examination. *See* Iowa Code §§ 22.2, 22.4.

*see id.,* the majority has properly reversed and remanded for hearing on the merits.

TERNUS, Justice (dissenting).

I respectfully dissent. Iowa Code section 335.18 (1995) clearly provides that a challenge to a decision of a board of adjustment "shall be presented to the court within thirty days *after the filing of the decision* in the office of the board." (Emphasis added.) The plaintiffs' petition for writ of certiorari was taken *before* the decision of the board was filed. An examination of the common meaning of the words "after" and "before" should convincingly demonstrate that the plaintiffs have failed to comply with the statutory requirements for a challenge to the board's decision. *Compare Webster's Third New International Dictionary* 38 (1993) ("after" defined as "later than a particular time") *with id.* at 197 ("before" defined as preceding a point in time). Nevertheless, the majority concludes the plaintiffs have complied with the statute. This conclusion is based on an unsupportable "interpretation" of section 335.18.

Although section 335.18 requires any challenge to be "presented to the court *within* thirty days after filing of the [board's] decision," the majority interprets the statute "to allow a challenge to the board's action by filing a petition for certiorari *anytime until* thirty days after filing of the board's decision." (Emphasis added.) My first disagreement with the majority is the way it characterizes its rationale. If the majority were really interpreting section 335.18 based on the meaning of the words used in the statute, one would assume the statute would have the same meaning under various factual scenarios. The statute either allows challenges "anytime until" thirty days after the board's decision has been filed or it does not. But the majority has limited its "interpretation" to cases in which the "two peculiar circumstances" present in this case exist. Consequently, the majority is really creating an exception to the statutory requirements for cases like this one. The majority apparently believes the statute means what it says under any other set of circumstances—namely, that a challenge to the board's action must

be taken "within" thirty days after the record of the board's action has been filed.

Regardless of whether the majority has interpreted the statute or created an exception, the rationale employed does not withstand scrutiny. The majority claims its "interpretation" of section 335.18 "is demanded" by "two special circumstances" "peculiar to the present case." These circumstances are (1) the board's records were filed in a private residence, and (2) the plaintiffs were entitled to rely on the board secretary's compliance with the statutory duty to file records of the board's official actions "immediately." *See* Iowa Code § 335.12. I remain unconvinced that these circumstances justify an exception to the statutory requirements for filing a petition for writ of certiorari.

The location of the board's records cannot excuse the plaintiffs' noncompliance with the statute. Whether the board's decision was filed in the zoning administrator's office, in the county recorder's office, or with the clerk of court, it was the plaintiffs' obligation to determine when the decision was filed. The plaintiffs merely claim "there was no way to determine when the appeal date would run." Yet they could have contacted the zoning board members or the zoning administrator to make this determination. The plaintiffs make no claim that any action of the county officials prevented them from learning when the decision was filed.

The fact is the premature filing of the plaintiffs' petition did not result from any ambiguity in the statutory time for presenting the petition or from the location of the records in a private residence. The plaintiffs' failure to comply with section 335.18 arose from their *assumption* that the board's decision was filed shortly after the board voted on the conditional use permit. Notwithstanding the board's duty to record its decision "immediately," the decision was not filed for several weeks while county officials drafted the resolution setting forth the board's findings and detailing the conditions to which the permit was subject. To rely on the board's tardy filing of its decision to excuse the premature filing of the plaintiffs' petition is in reality an estoppel-type rationale. In the past, we have never allowed a

party to avoid the requirements for challenging agency action on a theory of estoppel. Rather, we have conditioned such challenges on substantial compliance with the applicable statutes. *See Sharp v. Iowa Dep't of Job Serv.*, 492 N.W.2d 668, 669 (Iowa 1992) (holding a timely petition for judicial review is a prerequisite for review of agency action); *Neumeister v. City Dev. Bd.*, 291 N.W.2d 11, 14 (Iowa 1980) (dismissing appeal of agency action because the plaintiffs did not comply with statutory procedures for such an appeal); *Ford Motor Co. v. Iowa Dep't of Transp. Regs. Bd.*, 282 N.W.2d 701, 703 (Iowa 1979) (holding untimely petition for judicial review must be dismissed despite fact plaintiff "might have been misled" by agency's filing of its ruling contrary to the governing statute). We should adhere to these cases and avoid the temptation to develop a special rule to save the plaintiffs in this case from their own lack of diligence. As we said in the *Ford* case,

> [w]e [concede] that the operation of the statute might seem harsh, especially where, as here, a party might have been misled by the nullity of a later filing [by the agency]. Nevertheless, we believe that the statutory scheme is neither absurd nor unfair....
>
> ... The legislature obviously had the broader public interest in mind in adopting the statute.

*Ford Motor Co.*, 282 N.W.2d at 703.

We also should have the broader public interest in mind because there are serious problems in allowing appeals from or challenges to agency action that is not yet final. Clearly, the governing statutes contemplate that the board will make a written record of its decision that will be filed for public review. If an appeal is taken before this written decision is filed, what agency action is to be reviewed on appeal—the simple vote taken at the board's meeting, or its written decision, supported by factual findings and legal conclusions? And does the agency even have jurisdiction to issue a written decision once an appeal on the very subject of its decision has been perfected? These concerns illustrate the legitimate, practical reasons supporting the legislature's decision to

compute the time for a challenge of the board's action from the date of the board's final decision. We should honor the legislature's intent and give effect to the statute as written.

I would affirm the district court and dismiss the plaintiffs' petition for writ of certiorari.

LAVORATO, J., joins this dissent.