# IN THE COURT OF APPEALS OF IOWA

No. 23-0308
Filed June 5, 2024

**JEFFERY A. OPPEDAHL and ANGELA M. OPPEDAHL,**
    Plaintiffs-Appellants,

**vs.**

**FIRST STATE BANK,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Hamilton County, Jennifer Miller, Judge.

Jeffery and Angela Oppedahl appeal the district court's order dismissing their invasion-of-privacy claims against First State Bank. **REVERSED AND REMANDED.**

Marc A. Humphrey of Humphrey Law Firm, P.C., Des Moines, and Timm Reid of Reid Law Firm, PLLC, Des Moines, for appellants.

Brandon R. Underwood and Sarah B. Golwitzer of Fredrikson & Byron, P.A., Des Moines, for appellee.

Heard by Bower, C.J., Chicchelly, J., and Gamble, S.J.* Langholz, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**BOWER, Chief Judge.**

Jeffery and Angela Oppedahl appeal the district court's order dismissing their invasion-of-privacy claims against First State Bank. Upon our review, we reverse the court's order and remand for further proceedings.

## I.  *Background Facts and Proceedings*

Jeffery Oppedahl was working for the Iowa Department of Transportation in 2013, when he "was severely injured while operating a truck-mounted drill and auger." *See Oppedahl v. Various Emps. of Iowa Dep't of Transp.*, No. 19-1851, 2021 WL 211139, at *1 (Iowa Ct. App. Jan. 21, 2021). The injury "left him quadriplegic, with no movement in his legs and torso and limited movement in his arms."

Jeffery's injury also precipitated a workers' compensation claim against the State. In conjunction with that claim, a settlement was entered in 2014, in which the State agreed to pay $225,000 "to allow the Oppedahls to construct a handicapped equipped home on the land they already owned." Jeffery later filed a petition pursuant to Iowa Code section 85.27 (2016) for payment of additional medical expenses, including a claim for a stair lift and a ceiling lift. Jeffery provided documentation to the State demonstrating the cost of constructing the handicap-equipped home exceeded the prior settlement amount. The petition was mediated in April 2019, resulting in the State agreeing to pay for a ceiling lift and Jeffery dropping his claim for a stair lift.

In August 2019, the State conducted a discovery deposition of Angela, during which an assistant attorney general questioned Angela about "how the Oppedahls spent the settlement money" during construction of their handicap-

equipped home. After her deposition, Angela contacted First State Bank about "the potential for inquiries into the Oppedahls' banking information." With assistance from a First State Bank employee, Angela "placed a passcode on their accounts to prevent phone inquiries" and "asked to be notified if there were any attempts, including subpoenas, to obtain the Oppedahls' records." The employee "promised" Angela the Oppedahls would be contacted if First State Bank received a subpoena for their records and placed a "sticky note" on the Oppedahls' bank file emphasizing the need to alert them if an attempt was made to obtain their records.

The following month, the State obtained a subpoena duces tecum from the workers' compensation commissioner ordering First State Bank "to produce and permit inspection and copying of . . . [s]tatements from all accounts owned and maintained by Jeff and Angela Oppedahl, as well as copies of all documents from past and present loans or mortgages that Jeff and Angela Oppedahl have had with First State Bank." The subpoena was served on First State Bank, but it was not served on the Oppedahls. The Oppedahls received no notice of the inquiry from First State Bank. Later that year, the Oppedahls discovered their banking information was listed on the State's witness list and proposed exhibits for Jeffery's workers' compensation case.

The Oppedahls filed suit against First State Bank,[1] raising claims of invasion of privacy on behalf of both Jeffery and Angela. They requested damages for past

---

[1] The Oppedahls also filed tort claims against the State with the State Appeal Board, which they later withdrew after the requisite waiting period. The Oppedahls then added the State as a defendant in this case, raising claims of abuse of process and invasion of privacy. The district court consolidated the Oppedahls'

and future emotional distress and mental anguish, past and future loss of ability to trust, irreplaceable deterioration of their relationship with First State Bank, and any other recognizable damages. First State Bank filed a pre-answer motion to dismiss for failure to state a claim, which the district court denied.

Following the court's dismissal of the Oppedahls' similar claims against the State, First State Bank filed a second motion to dismiss based on lack of jurisdiction. After a hearing, the court entered an order finding, in relevant part, "the resolution of the issue of whether the subpoena was properly issued is at the center of all of the claims against First State Bank," but "the decision of whether the subpoena was issued appropriately belongs with the administrative agency, not with this Court." The court therefore concluded it "lack[ed] jurisdiction over this dispute" and dismissed the Oppedahls' claims. The Oppedahls appeal the court's order.

## II.      *Standard of Review*

We review a district court's ruling on a motion to dismiss for lack of jurisdiction for correction of errors at law. *See Ortiz v. Loyd Roling Constr.*, 928 N.W.2d 651, 653 (Iowa 2019).

## III.     *Analysis*

This case stems from the State's investigation of Jeffery's unrelated workers' compensation claim and First State Bank's compliance with a subpoena

---

actions against the State and First State Bank. In October 2022, the district court entered an order granting the State's motion to dismiss the Oppedahls' claims, concluding it lacked subject-matter jurisdiction because the abuse-of-process claims were excepted under the Iowa Tort Claims Act and the Iowa Administrative Procedure Act contained "the exclusive remedies available to the Oppedahls." The Oppedahls did not appeal that order.

duces tecum issued pursuant to the State's investigation. At the outset of their appeal, the Oppedahls clarify what is not in dispute. They agree the workers' compensation commissioner "signed the subpoena" and "has the authority to sign such subpoenas"; the subpoena was "properly issued," "valid," and "enforceable"; the subpoena "was properly served on First State Bank"; and "First State Bank has a legal obligation to respond to a properly served subpoena." They further concede they did not challenge the subpoena in the workers' compensation case by filing a motion to quash.

Rather, the Oppedahls claim they were precluded from an "opportunity to quash" the subpoena by First State Bank's "fail[ure] to make good on a legally enforceable agreement to notify the Oppedahls if and when a subpoena was served on it for the Oppedahls' private, confidential banking information." According to the Oppedahls, "[w]hen First State Bank made the decision to disseminate the confidential, private banking information of [the Oppedahls], it caused irreparable harm to both of them, harm that could have easily been avoided had it simply followed through on its promise to notify the Oppedahls if and when a subpoena for their information was served upon the bank." The Oppedahls raise their claim as an invasion of privacy and under the theory of promissory estoppel.[2] In granting First State Bank's motion to dismiss, the district court determined:

> Counts I and II of the petition assert claims of invasion of the right of privacy against the bank, alleging that the ex parte subpoena duces tecum was improper and resulted in the disclosure of the Oppedahls' private banking information. In their petition, the

---

[2] In their brief on appeal, the Oppedahls elaborate on their promissory-estoppel claim, alleging First State Bank promised to notify them of the issuance of a subpoena "in exchange for [their] promise to leave their accounts at First State Bank."

Oppedahls claim the subpoena was unnecessary, overbroad, and requested the banking information of Angela who was not a party to the workers' compensation claim.

The Bank argues that the Court lacks subject matter jurisdiction over the Plaintiffs' claims as there is a pending administrative proceeding. Iowa Code chapter 17A states that "judicial review of provisions of [chapter 17A] shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action." Iowa Code § 17A.19. Parties must first exhaust "all adequate administrative remedies" before they are entitled to judicial review under this chapter. *Id.* § 17A.19(1).

At the hearing, the Plaintiffs argued that the claim against the bank is based not on the validity of the subpoena, but whether the information was dispersed by the bank without notice to the Oppedahls in violation of an oral agreement. The Oppedahls argue that they reasonably relied on the agreement with the bank that it would not to disseminate their personal information without first contacting them. They argue, under the legal theory of promissory estoppel, the Court does not lack jurisdiction to determine whether there was an agreement between First State Bank and the Oppedahls to alert them if a subpoena was filed and to determine damages. . . .

The Court finds that the resolution of the issue of whether the subpoena was properly issued is at the center of all of the claims against First State Bank. If it is determined in the administrative proceedings that the subpoena was properly issued by the [workers' compensation commissioner], First State Bank will argue that they were obligated to turn over the records pursuant to a valid, legal, subpoena. Conversely, if it is determined that the subpoena was invalid and would or should have been quashed had the Oppedahls been provided notice by the Bank, this may bolster the promissory estoppel claim and the invasion of privacy claim and potentially lead to a different result. Any claim that the Oppedahls reasonably relied on statements made by the Bank regarding the dissemination of their bank records is necessarily tied to whether a valid subpoena was issued. Allowing this case to continue in District Court could potentially result in inconsistent outcomes by this court and the agency.

The decision of whether the subpoena was issued appropriately belongs with the administrative agency, not with this Court. . . . Therefore, the Court finds it lacks jurisdiction over this dispute.

We acknowledge the discrepancy between the Oppedahls' current stance

the subpoena was properly issued and allegations in their pleadings in which they

challenged the basis for it, including claiming at the time it was issued in September 2019, "there were no pending issues involving the home that would have justified the subpoena to First State Bank." The Oppedahls further acknowledged the hearing on the section 85.27 medical expense petition was set for a later date, in December 2019, and they submitted documents indicating a settlement in the workers' compensation case was not reached until April 2020.

Regardless, at the January 2023 hearing on First State Bank's motion to dismiss, the Oppedahls' counsel emphasized the workers' compensation case "is not still pending." Counsel explained, "That action was settled, a settlement agreement has been approved by the industrial commissioner—or the worker's compensation commissioner, so that action is not pending and there is simply no relationship between that action and what we allege First State Bank did wrong with regard to the Oppedahls." Counsel then articulated the Oppedahls claim, stating, "It doesn't matter if the subpoena was valid or not. The information was dispersed. Their privacy rights were violated the minute that information was dispersed. You can't go unring that bell."

In granting First State Bank's motion to dismiss, the district court relied on the court's reasoning in *Christensen v. Iowa C.R. Comm'n*, 292 N.W.2d 429, 431 (Iowa 1980), noting "the legislature intended that discovery problems in administrative proceedings be settled before the agency whenever possible and, in any event, that judicial review ordinarily await final agency action." Here, the parties agree Jeffery's workers' compensation case was finalized before the Oppedahls filed their claims against First State Bank. Moreover, although the Oppedahls' claims arose in part due to the State's action relating to the

investigation of Jeffery's workers' compensation claim, the basis for its tort claims against First State Bank can be evaluated independently in this case. The district court had subject matter jurisdiction to determine if First State Bank breached its alleged promise to notify the Oppedahls of the subpoena so they could seek to quash it before the bank disclosed their private banking information. *See Tombergs v. City of Eldridge*, 433 N.W.2d 731, 733 (Iowa 1988) ("Subject matter jurisdiction ordinarily means the authority of a court to hear and determine cases of the general class to which the proceedings in question belong . . . . As courts of general jurisdiction, Iowa district courts are empowered by the constitution to hear all cases in law, equity, or special proceedings." (internal citation omitted)); *see also City of Des Moines v. Des Moines Police Bargaining Unit Ass'n*, 360 N.W.2d 729, 731 (Iowa 1985) (noting situations an "exclusive administrative remedy" does not exist and the "exhaustion rule is inapplicable"); *U.S. Bank v. Barbour*, 770 N.W.2d 350, 353 (Iowa 2009) ("Nearly every case will survive a motion to dismiss under notice pleading.").

Accordingly, we cannot conclude the Oppedahls' claims against First State Bank could not be sustained under any state of facts provable under the petition, regardless of whether Jeffery's workers' compensation case was still active. *See J.R. v. Rush*, No. 17-1487, 2018 WL 3913490, at *3 (Iowa Ct. App. Aug. 15, 2018) ("Reading the petition in the light most favorable to J.R., we cannot conclude her claim could not be sustained under any state of facts provable under the petition."). First State Bank was not involved in that proceeding. This is especially clear with respect to Angela, as she was never a party to Jeffery's workers' compensation case. "Dismissal was not appropriate." *Id.*; *see also Mormann v. Iowa Workforce*

*Dev.*, 913 N.W.2d 554, 560 (Iowa 2018) ("'[N]early every case will survive a motion to dismiss' under notice pleading." (quoting *Rees v. City of Shenandoah*, 682 N.W.2d 77, 79 (Iowa 2004)).

For these reasons, we reverse the court's order granting First State Bank's motion to dismiss and remand for further proceedings.

**REVERSED AND REMANDED.**